### No. 27061

### The People of the State of Colorado v. Kerry Dale Casey

(563 P.2d 2)

Decided March 21, 1977. Opinion modified and as modified rehearing denied May 9, 1977.

J. D. MacFarlane, Attorney General, Jean E. Dubofsky, Deputy, Edward G. Donovan, Solicitor General, Lynne Ford, Assistant, for plaintiff-appellee.

Rollie R. Rogers, State Public Defender, James F. Dumas, Jr., Chief Deputy, Forrest W. Lewis, Deputy, for defendant-appellant.

*En Banc.*

MR. JUSTICE HODGES delivered the opinion of the Court.

This defendant's conviction of first-degree murder was previously appealed to this court. In *People v. Casey*, 185 Colo. 58, 521 P.2d 1250 (1974), we affirmed that conviction.

Thereafter, defendant filed a motion for post conviction relief pursuant to Crim. P. 35(b). The trial court was urged to reverse the judgment

of conviction and to order a new trial on the sole ground that jury instruction No. 12, which defined manslaughter, was defective. The motion further asserts that the giving of this instruction deprived the defendant of his liberty without due process of law. The trial court denied this 35(b) motion. It is from this ruling that the defendant now appeals. We affirm.

Jury instruction No. 12 was made an issue by the defendant in his previous appeal. Because the trial record established that the defendant made no objection when this instruction was given, and because the defendant did not mention instruction No. 12 in his motion for a new trial, he argued in his previous appeal that the giving of this jury instruction was plain error.

Crim. P. 30 requires a specific objection at trial before alleged errors concerning an instruction may be considered on appeal. The only exception to this is spelled out in Crim. P. 52(b) which provides that such matter may be considered on appeal if it is plain error.

In the previous *People v. Casey, supra*, we specifically noted the matters referred to in the foregoing paragraph and with reference thereto held:

"After examining all of the instructions, we do not find plain error in the giving of any of the instruction. Also, we point out that all of the instructions when considered together, present to the jury an adequate and correct guideline on the law to be applied under the facts of this case."

The issue presented here was considered and resolved by this court in the previous appeal. A defendant is not entitled to a second appeal on the same issue. *People v. Shearer*, 181 Colo. 237, 508 P.2d 1249 (1973).

We are not unmindful of the fact that since the announcement of the previous *People v. Casey, supra*, we announced *People v. Loger*, 188 Colo. 291, 535 P.2d 210 (1975), in which we held, under the particular facts there presented, that the giving of a similar instruction was plain error, thus requiring reversal and remand for a new trial.

We reject the defendant's argument that because of our holding in *People v. Loger* we should now reconsider the issue in his case pertaining to jury instruction No. 12. *People v. Loger* is not authority for abandoning the prohibition against a second appeal on the same issue.

The trial court's ruling, which denied the defendant's 35(b) motion, is affirmed.