570 P.2d 1097 (1977)
The PEOPLE of the State of Colorado, Plaintiff-Appellee,
v.
James Milton DUNHILL, Defendant-Appellant.
No. 76-725.
Colorado Court of Appeals, Division II.
October 6, 1977.
As Modified on Denial of Rehearing October 27, 1977.
Certiorari Denied January 9, 1978.
*1098 J. D. MacFarlane, Atty. Gen., Jean E. Dubofsky, Deputy Atty. Gen., Edward G. Donovan, Sol. Gen., Mary J. Mullarkey, Asst. Atty. Gen., Denver, for plaintiff-appellee.
Jack Kintzele, Denver, for defendant-appellant.
STERNBERG, Judge.
Defendant James Milton Dunhill was convicted of vehicular homicide. His principal contentions of error are that the evidence did not establish that his conduct was the proximate cause of the victim's death, and that he was not accorded a speedy trial. We conclude that these contentions are without merit and therefore affirm the judgment.
Trial was to the court, and if the evidence is viewed most favorably to the prosecution, the following is a summary of the relevant facts. The deceased and another young girl were walking in a southerly direction along the side of a service road adjacent to an interstate highway. The deceased was closest to the travelled portion of the road and was struck from behind by defendant's vehicle. There was testimony in the record that neither of the girls was walking on the travelled portion of the roadway, although the deceased could have been walking on the paved shoulder portion of the road. There was also uncontroverted evidence that the girls were visible to Dunhill for 23 seconds prior to the time of impact. (On appeal, Dunhill attacks this evidence. However, at trial no effort was made to contradict or rebut the testimony upon which this conclusion rests. Therefore, he cannot now assert that the trial court's conclusion that he had 23 seconds within which to act was speculation.)
Section 18-3-106, C.R.S.1973, the statute on which this prosecution and conviction were based, provides:
"If a person operates or drives a motor vehicle . . . while under the influence of any . . . intoxicant and this conduct is the proximate cause of the death of another, he commits vehicular homicide."
Dunhill contends that there is no proof that his conduct was "the proximate cause" of the victim's death. We disagree. Dunhill stipulated that he drove the truck that struck and killed the girl. There was evidence that he was driving under the influence of alcohol, that his view of the pedestrians was not obstructed, and that one of the headlights on his truck was not operating. In spite of this, Dunhill argues that the deceased was contributorily negligent, and that such negligence was "the proximate cause" of her death. This argument is specious. Even if the deceased were contributorily negligent, her conduct was not an independent intervening cause that Dunhill could not foresee. Absent proof that it was an independent intervening cause the contributory negligence of the victim is not a defense in a prosecution for vehicular homicide. See R. Anderson, Wharton's Criminal Law & Procedure §§ 200 and 986 (1957). See also People v. Pociask, 14 Cal.2d 679, 96 P.2d 788 (1939).
*1099 Dunhill next contends that this prosecution against him should have been dismissed by the trial court for failure to comply with Crim.P. 48(b), the speedy trial rule. Again we disagree.
This accident occurred near the boundary line of the City and County of Denver and the County of Arapahoe. Several annexations of territory in this area had been accomplished by Denver. Thus there was uncertainty as to the proper venue. On July 30, 1975, an information was filed in Arapahoe County and defendant pled not guilty on September 18, 1975. That information was dismissed for improper venue on the district attorney's motion. A second information was then filed, in Denver, and on January 2, 1976, that was dismissed for failure to prove venue. A third information was filed on January 15, 1976, in the district court in the City and County of Denver. Dunhill was arraigned on this latest information on February 27, 1976, and trial commenced on July 1, 1976.
The specific issue before us is whether the six month speedy trial rule is computed from the time of the filing of the last information, or from the time of the filing of the original one. We hold that the six month period commences upon the arraignment for the last information. Therefore Dunhill was not denied a speedy trial.
In People v. Wilkinson, Colo.App., 555 P.2d 1167 (1976), an analogous situation was presented. There, Wilkinson was indicted by a grand jury in September of 1973 and entered a plea in October of that year. In March of 1974, a grand jury indicted Wilkinson on new charges arising out of the transaction upon which the first indictment was founded. Upon motion of defense counsel, the court dismissed the first indictment and Wilkinson went to trial on the second. He was convicted and on appeal asserted that his right to speedy trial had been violated. We held:
"While the trial was not held until more than six months after the defendant's plea to the charges of the original indictment, those charges were dismissed by the trial court. Such dismissal was sufficient to protect defendant's rights under § 18-1-405, C.R.S.1973, and Crim.P. 48(b)(1)."
Here, as in Wilkinson, there was no indication that the People were indiscriminately filing and dismissing charges in order to avoid the requirements of the speedy trial rule. Absent such a showing, there was no violation of Dunhill's right to a speedy trial. See Jaramillo v. District Court, 174 Colo. 561, 484 P.2d 1219 (1971); Jordan v. People, 155 Colo. 224, 393 P.2d 745 (1964); and People v. Wilkinson, supra. See also Annot., 30 A.L.R.2d 462, where the rule we adopt is explained in these terms:
"[T]he original indictment or information became a nullity upon its dismissal and. . . the new indictment or information represents institution of a new and independent proceeding with respect to which the statute may be applied regardless of the occurrence of the original indictment or information."
Nor was Dunhill's constitutional right to a speedy trial violated here because there was a good faith confusion as to the proper venue, the length of delay was minimal, he made no demand for an earlier trial, and no prejudice to the defendant from the delay is apparent. See People v. Spencer, 182 Colo. 189, 512 P.2d 260 (1973).
Dunhill's other contentions of error have been considered and are without merit.
Judgment affirmed.
ENOCH and SMITH, JJ., concur.