### No. C-1675

### Verdon Dean Amon v. The People of the State of Colorado

(597 P.2d 569)

Decided July 9, 1979. Opinion modified and as modified rehearing denied July 30, 1979.

Candelaria, Spitzer & Koehler, Roger Martin Candelaria, for petitioner.

J. D. MacFarlane, Attorney General, Mary J. Mullarkey, Acting Deputy, Edward G. Donovan, Solicitor General, Nathan B. Coats, Assistant, for respondent.

*En Banc.*

MR. JUSTICE LEE delivered the opinion of the Court.

The defendant-petitioner was convicted of driving a vehicle while his ability to operate it was impaired by the consumption of alcohol, in violation of section 42-4-1202, C.R.S. 1973. The district court affirmed the county court's denial of defendant's motion to dismiss for failure to bring him to trial within six months from the entry of his plea of not guilty as required by Crim. P. 48(b)(1) and section 18-1-405, C.R.S. 1973 (1978 Repl. Vol. 8). We granted certiorari and now reverse.

Defendant was charged by a county court summons and complaint with driving a motor vehicle while under the influence of alcohol *or* narcotics, in violation of section 42-2-1202, C.R.S. 1973. On April 19, 1977, the defendant entered his plea of not guilty.

On July 27, 1977, the prosecution filed an "Amended Complaint," charging that the defendant ". . . did unlawfully, . . . drive a motor vehicle while under the influence of alcohol, in violation of CRS 1973, 42-2-1202." This "Amended Complaint" was treated as an entirely new complaint, complete with a new affidavit. On August 12, 1977, another arraignment was held and the defendant entered his plea of not guilty to the amended complaint.

On November 2, 1977, and December 9, 1977, the county court denied the defendant's motion for dismissal for failure to bring him to trial within six months from the entry of his plea of not guilty to the original charge.

On January 19, 1978, the defendant was found guilty by a jury of driving with ability impaired by the consumption of alcohol. Trial was approximately nine months after the defendant's not guilty plea to the original complaint, but within six months after he pleaded not guilty to the

amended complaint on which he was tried.

On appeal, the district court affirmed the conviction, relying on *People v. Dunhill,* 40 Colo. App. 137, 570 P.2d 1097 (1977). The court held that, because there was no indication that the state was indiscriminately filing and dismissing charges in order to avoid the requirements of the speedy trial rule, there was no bad faith on the part of the prosecution in filing the amended complaint. Therefore, the court ruled, the six-month speedy trial computation began from the entry of the last not guilty plea, and not from the date of the first plea.

We do not agree, under the circumstances of this case, that the absence of bad faith on the part of the prosecution should be determinative of the speedy trial issue. Rather, crucial to the issue is whether the amended complaint charged any new, different, or additional offense not alleged in the original complaint, thus requiring the entry of another plea by the defendant.[1] *Albritton v. People,* 157 Colo. 518, 403 P.2d 772 (1965). If so, then the good faith of the prosecution in amending the complaint should be scrutinized to determine if there was an attempted circumvention of the speedy trial rule.

Here, however, the amended complaint did not charge any new, different, or additional offense not alleged in the original complaint. *People v. Hertz,* 196 Colo. 259, 586 P.2d 5 (1978) (deletion of words "or drugs" from the charge of driving a vehicle "while under the influence of intoxicating liquor or drugs" held not to constitute a different offense than alleged in original complaint); *see People v. Dickinson,* 197 Colo. 338, 592 P.2d 807 (1979) (complaint charging "driving under the influence of intoxicating liquors or drugs" defective in form only).

April 19, 1977, the date of the original not guilty plea, therefore, is the critical date from which the six-month speedy trial computation must be made. It follows that, because the defendant was not brought to trial within six months of the original not guilty plea, the charges should have been dismissed.

Judgment reversed.

---

[1] We recognize that certain circumstances, not present here, allow refiling of an identical complaint without violating the speedy trial rule. *See People v. Dunhill, supra* (confusion as to proper venue); *Schiffner v. People,* 173 Colo. 123, 476 P.2d 756 (1970) (state charges dropped pending outcome of federal trial).