The PEOPLE of the State of Colorado,
Plaintiff-Appellee,

v.

William Sidney DUGGER,
Defendant-Appellant.

No. 82SA551.

Supreme Court of Colorado,
En Banc.

Nov. 29, 1983.

Rehearing Denied Jan. 9, 1984.

Duane Woodard, Atty. Gen., Charles B. Howe, Deputy Atty. Gen., Joel W. Cantrick, Sol. Gen., Clement P. Engle, Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, Colorado State Public Defender, Jody Sorenson Theis, Barbara S. Blackman, Deputy State Public Defenders, Denver, for defendant-appellant.

QUINN, Justice:

The defendant, William Sidney Dugger, appeals from a judgment denying his motion for correction of an illegal sentence and for resentencing. The motion asserted that a prior felony conviction used for the purpose of enhanced sentencing as a habitual criminal had been reversed on appeal and that the defendant was therefore entitled to be resentenced. The defendant claims on appeal that the district court erroneously ruled that section 16–5–402, C.R.S.1973 (1982 Supp.), which imposes a three year time limit for collateral attacks upon criminal convictions, deprived it of jurisdiction to consider the motion. We reverse the judgment and remand for further proceedings.

On June 14, 1978, an information was filed in El Paso County District Court charging the defendant with second degree forgery [1] and four counts of habitual crimi-

---

1. Section 18–5–103(1)(c), C.R.S.1973.

nality.[2] At this time there were five other criminal cases also pending against the defendant in the El Paso County District Court. Pursuant to a comprehensive plea bargain, the defendant on July 5, 1978, pled guilty to second degree forgery and admitted two prior felony convictions alleged in two habitual criminal counts, one based on a 1968 federal conviction involving the burglary of a post office and theft of postal property[3] and the other on a 1977 Colorado conviction for second degree forgery.[4] In accordance with the terms of the plea agreement, the remaining two habitual criminal counts and the five separate criminal cases were dismissed. The defendant waived a presentence investigation, whereupon the court entered a judgment of conviction and imposed a sentence of 25 to 35 years under the habitual criminal statute.

The defendant thereafter filed a Crim.P. 35(c) motion to vacate his 1977 forgery conviction, claiming that his guilty plea was not voluntarily and understandingly made. The district court denied the motion. In an unpublished opinion, *People v. Dugger* (Colo.App. No. 80CA560, announced May 20, 1981, *cert. denied* October 13, 1981), the court of appeals reversed, holding that the record of the providency hearing did not adequately show the defendant's understanding of the elements of the crime to which he pled.

After issuance of the mandate from the court of appeals, the defendant on December 11, 1981, filed a motion requesting the district court to correct its sentence of 25 to 35 years because the appellate reversal of his 1977 conviction invalidated his habitual

criminal adjudication and entitled him to resentencing on the substantive offense of second degree forgery to which he pled guilty on December 5, 1978. A hearing was held on the defendant's motion on June 18, 1982. The People, claiming that the defendant had abrogated the 1978 plea agreement by challenging his 1977 conviction, moved for reinstatement of all charges previously dismissed as a result of the plea agreement. The district court refused to resentence the defendant at that time and, instead, authorized the People to reinstate the dismissed charges, noting that any future sentence would be limited to the term of 25 to 35 years imposed in the original sentence. The People subsequently moved the court to reconsider its ruling on the basis that section 16–5–402, C.R.S.1973 (1982 Supp.), deprived the court of jurisdiction to hear the defendant's resentencing motion because it was in the nature of a collateral attack on the 1977 forgery conviction that served as a necessary predicate for his adjudication and sentence as a habitual criminal on July 5, 1978. The district court agreed with the People's position, vacated its prior order reinstating the dismissed charges, and reconfirmed the original sentence of 25 to 35 years.

■ The defendant's argument on this appeal is that the district court erred in denying his motion for resentencing on jurisdictional grounds because the statute upon which the court relied, section 16–5–402, C.R.S.1973 (1982 Supp.), violates due process of law. Our resolution of this claim is controlled by our recent decision in *Peo-*

**2.** The habitual criminal statute applicable to these proceedings is found at Colo.Sess.Laws 1976, ch. 93, 16–13–101(1) at 548, and provides in pertinent part as follows:

"Every person convicted in this state of any felony for which the maximum penalty prescribed by law exceeds five years who, within ten years of the date of the commission of the said offense, has been twice previously convicted upon charges separately brought and tried, either in this state or elsewhere, of any felony or, under the laws of any other state, the United States, or any territory subject to the jurisdiction of the United States, of a crime which, if committed

within this state, would be a felony shall be adjudged an habitual criminal and shall be punished by confinement in the state penitentiary for a term of not less than 25 years nor more than 50 years."

**3.** This count alleged that on April 25, 1968, the defendant was convicted in the United States District Court for Colorado of "a felony, namely: Larceny of Post Office, Larceny of Counterfeiting Materials, Forging U.S. Postal Money Order in violation of 18 U.S.C. 2115, 18 U.S.C. 642, 18 U.S.C. 500."

**4.** Section 18–5–103(1)(c), C.R.S.1973.

*ple v. Germany,* 674 P.2d 345 (Colo.1983). In *Germany* we held that section 16–5–402 violates due process of law under the Fourteenth Amendment to the United States Constitution and Article II, Section 25 of the Colorado Constitution because it precludes collateral challenges to prior convictions solely on the basis of a time bar, without providing the defendant an opportunity to show that the failure to assert a timely constitutional challenge resulted from circumstances amounting to justifiable excuse or excusable neglect. Thus, the district court in this case had jurisdiction to hear the defendant's motion for resentencing. Upon remand the district court must resolve this motion and any other issue pertaining to the matter of resentencing.

■ The People claim that, even though the district court may have erred in its interpretation of section 16–5–402, the defendant is nonetheless ineligible for resentencing because he reaffirmed the validity of his 1977 conviction in the course of the providency hearing on July 5, 1978, which resulted in his sentence as a habitual criminal.[5] The court of appeals, however, has already declared the 1977 conviction to be invalid, and its decision constitutes a final judgment which is binding on the district court. *See generally People v. Driscoll,* 200 Colo. 410, 615 P.2d 696 (1981) (prosecution estopped from relitigating validity of defendant's request for preliminary hearing after district court had already determined that issue in original proceeding stemming from same charges); *People v. Casey,* 192 Colo. 568, 563 P.2d 2 (1977) (defendant's Crim.P. 35 motion properly denied where claim of error had been previously considered and rejected on appeal); *People ex*

*rel. Farina v. District Court,* 191 Colo. 225, 553 P.2d 394 (1976) (prosecution cannot relitigate defendant's eligibility for release from insanity commitment on burglary and theft charges after defendant's eligibility had already been determined by jury in other proceeding involving defendant's insanity commitment on charge of escape).

Alternatively, the People argue that if the 1977 conviction is invalid, they are entitled to the restoration of the *status quo ante* by reinstatement of all charges dismissed as a result of the plea bargain. We decline to address this issue at this time. The district court's decision to deny the defendant's motion for resentencing proceeded from the incorrect assumption that it had no jurisdiction to do otherwise. Whether, upon vacation of the defendant's sentence, there is any impediment to the reinstatement of the charges dismissed as a result of the plea agreement is a question which can be more appropriately resolved by the district court in the context of a fully developed record. *See, e.g., People ex rel. Van Meveren v. District Court,* 195 Colo. 34, 575 P.2d 4 (1978); *People v. Mason,* 176 Colo. 544, 491 P.2d 1383 (1971).

The judgment is reversed and the cause is remanded for further proceedings.

---

**5.** Relying on *People v. Bernard,* 656 P.2d 695 (Colo.1983), the People assert that it is not the faulty advisement in the 1977 providency hearing, but rather the reaffirmation of the 1977 conviction at the July 5, 1978, providency hearing, that should control the validity of the 1978 habitual criminal conviction and sentence. We disagree. The *Bernard* case did not involve a conviction judicially determined on appeal to be invalid. Although the transcript of the July 5, 1978, providency hearing is not part of the record before us, we are at a loss to understand the People's claim that somehow the defendant could "reaffirm" the validity of his 1977 conviction when the court of appeals has decreed by final judgment that the 1977 conviction was a nullity.