**The PEOPLE of the State of Colorado, Plaintiff-Appellee,**

v.

**Duane Leroy MAIRE, Defendant-Appellant.**

No. 84CA0384.

Colorado Court of Appeals, Div. II.

May 9, 1985.

Rehearing Denied June 6, 1985.

Certiorari Denied Sept. 23, 1985.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., John Milton Hutchins, First Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, Colorado State Public Defender, Claire Levy, Deputy State Public Defender, Denver, Colorado, for defendant-appellant.

KELLY, Judge.

Defendant, Duane Maire, appeals his conviction of vehicular homicide while under the influence of an intoxicant, claiming that the trial court erred in refusing to submit to the jury his tendered instruction on "supervening cause." We affirm.

The charges in this case arose out of a collision that occurred when the defendant's truck ran over a person standing by the roadside. The decedent, Steve Morford, was standing just off the roadway speaking to a friend in a car parked on the shoulder. Both Morford and his friend saw a truck approaching that was out of control. When it appeared that the truck was going to hit the car, Morford started running in front of his friend's car in order to escape the truck. Although Morford ran down into the ditch away from the roadway, the truck struck him.

Defendant argues that because he could not reasonably foresee Morford's reaction, it constituted a "supervening cause" releasing defendant from criminal responsibility. This argument is without merit.

 Since vehicular homicide is a strict liability crime, § 18–3–106(1)(b), C.R.S. (1984 Cum.Supp.), the contributory negligence of the victim is not a defense. See Wharton, Criminal Law § 47 (14th ed.1978). Although evidence of a victim's conduct is admissible when it is relevant to the issue of causation, where, as here, the evidence does not justify the interpretation that the conduct was other than contributory negligence, an instruction on independent intervening cause is not required. See People v. Dunhill, 40 Colo.App. 137, 570 P.2d 1097 (1977).

Judgment affirmed.

SMITH and METZGER, JJ., concur.