Maurice John MEEHAN,
Plaintiff-Appellee,

v.

COUNTY COURT, In and For the COUNTY OF JEFFERSON, and the Honorable Robert F. Morris, one of the Judges thereof, Defendants–Appellants.

No. 86CA0418.

Colorado Court of Appeals,
Div. I.

May 11, 1988.

Rehearing Denied June 2, 1988.

Certiorari Denied Oct. 11, 1988.

Ralph B. Rhodes, Denver, for plaintiff-appellee.

David J. Thomas, Dist. Atty., E. Ronald Beeks, Deputy Dist. Atty., Golden, for defendants-appellants.

TURSI, Judge.

Finding no deprivation of his right to speedy trial, the county court refused to dismiss the criminal complaint against Maurice John Meehan. On review pursuant to C.R.C.P. 106(a)(4), the district court reversed that ruling, and the People appeal. We reverse the district court.

Meehan was charged with driving under the influence pursuant to § 42–4–1202(1)(a), C.R.S. (1984 Repl.Vol. 17). Trial was set for November 15, 1984, a date within the speedy trial period. The People learned one day before trial that the arresting officer would be unavailable to testify on the scheduled trial date and, therefore, moved for a continuance. The county court denied the continuance and dismissed the case, without prejudice, on the Meehan's motion.

On December 4, 1984, based on the same transaction, Meehan was again charged with driving under the influence pursuant to both §§ 42–4–1202(1)(a) and 42–4–1202(1.5)(a), C.R.S. (1984 Repl.Vol. 17). He entered a plea of not guilty on January 25, 1985, and trial was set for July 16, 1985.

Prior to trial, Meehan moved for dismissal alleging violation of his right to speedy trial pursuant to § 18–1–405, C.R.S. (1986 Repl.Vol. 8B). The county court denied the dismissal motion. It determined that a new charge was filed in the new complaint

and relied on *Amon v. People*, 198 Colo. 172, 597 P.2d 569 (1979) to conclude that computation of the speedy trial period began from the entry of the last not guilty plea.

Meehan filed a petition for review in the district court pursuant to C.R.C.P. 106(a)(4), and trial in the county court was stayed. The district court determined that, although §§ 42-4-1202(1)(a) and 42-4-1202(1.5)(a) charged different crimes, the People were required to charge all such offenses in a single prosecution pursuant to § 18-1-408, C.R.S. (1986 Repl.Vol. 8B). Therefore, the district court concluded that the People were required to try the Meehan within six months of his first not guilty plea. It added the 77 days that elapsed between the not guilty plea on the first complaint and its dismissal to the 172 days that ran between the second not guilty plea and the trial date and concluded the Meehan had not been brought to trial with six months.

■ The People assert the district court erred in its conclusion that Meehan was denied speedy trial, arguing that the original complaint became a nullity upon its dismissal without prejudice and a new speedy trial period commenced upon the Meehan's plea on the new complaint. We agree.

■ If the charges of the original information are dismissed without prejudice by the trial court within the speedy trial period, such dismissal is sufficient to protect a defendant's rights under § 18-1-405. *People v. Dunhill*, 40 Colo.App. 137, 570 P.2d 1097 (1977); *People v. Wilkinson*, 37 Colo. App. 531, 555 P.2d 1167 (1976).

■ An initial indictment becomes a nullity upon its dismissal and computation of the six-month speedy trial period commences upon the arraignment for the last information filed. *People v. Dunhill, supra; see People v. Small*, 631 P.2d 148 (Colo.1981). It is true that the People cannot indiscriminately dismiss and refile charges in order to avoid the mandate of § 18-1-405; however, to be entitled to dismissal on such grounds, a defendant must affirmatively establish the existence of such a course of action by the People. *People v. Dunhill, supra; People v. Wilkinson, supra.*

Here, the county court's dismissal without prejudice of the first complaint was pursuant to the Meehan's objection to a continuance and his motion to dismiss. Since there remained three and one-half months in the speedy trial period and the People did not request a setting beyond that period, the People's refiling of charges may not be interpreted as a maneuver to avoid the speedy trial limit. *See Schiffner v. People*, 173 Colo. 123, 476 P.2d 756 (1970). Consequently, the original complaint became a nullity upon its dismissal, the speedy trial period commenced January 25, 1985, and the scheduled trial date was within the six-month period.

Meehan cites *Amon v. People, supra*, and argues that the speedy trial period must be computed from the arraignment on the original complaint. However, we conclude that *Amon* is inapposite since in that case the original complaint was amended and not dismissed; therefore, the complaint remained viable and the speedy trial period continued to run.

Although the county court erroneously based its determination on *Amon v. People*, it correctly concluded the Meehan's right to a speedy trial had not been violated; therefore, the county court did not err in denying Meehan dismissal of the charges. *See Miller v. Mountain Valley Ambulance Service, Inc.*, 694 P.2d 362 (Colo.App.1984).

The judgment is reversed and the cause is remanded to the district court to dismiss the C.R.C.P. 106(a) order and to remand to the county court for trial.

PIERCE and PLANK, JJ., concur.