Grayling SMITH, Movant,

v.

STATE of Missouri, Defendant.

No. 56382.

Missouri Court of Appeals,
Eastern District,
Division Two.

Sept. 12, 1989.

Cathy R. Kelly, Asst. Public Defender, St. Louis, for movant.

William L. Webster, Atty. Gen., Elizabeth L. Ziegler, Asst. Atty. Gen., Jefferson City, for defendant.

PUDLOWSKI, Presiding Judge.

Movant was convicted in 1985 of first degree robbery and sentenced to fifteen years imprisonment. On July 21, 1988 movant filed a *pro se* motion to vacate judgment pursuant to Rule 27.26. On January 19, 1989, counsel was appointed and an amended Rule 29.15 motion was filed. On March 7, 1989, the state filed a motion to dismiss movant's motion as untimely, having been filed after the June 30, 1988 deadline required by Rule 29.15(m). The court sustained the motion to dismiss, and movant appeals that ruling.

Movant raises two points. First he claims "the motion court clearly erred in dismissing appellant's Rule 27.26 motion as untimely because he was denied due process of law in that, having been sentenced in 1985, he was not given actual notice of the June 30 filing deadline, and the rule makes no provision for any excuse or justifiable neglect in failing to file on time. The court should have used its inherent power to accept the motion out of time."

Secondly, he suggests, the motion court erred in dismissing appellant's rule 27.26 motion as untimely because the June 30, 1988 filing deadline suspended the writ of habeas corpus as to appellant in that Rule 29.15 supersedes the writ for all grounds enumerated, provides the exclusive state remedy, imposes absolute deadlines, and forbids successive motions, thus operating to foreclose all relief to anyone who fails to meet the deadlines.

Rule 29.15(m) sets out that:

If sentence is pronounced prior to January 1, 1988, and no motion has been filed pursuant to Rule 27.26, a motion under this Rule 29.15 may be filed on or

before June 30, 1988. Failure to file a motion on or before June 30, 1988, shall constitute a complete waiver of the right to proceed under this Rule 29.15....

Appellate review of the dismissal of a 29.15 motion is limited to a determination of whether the findings and conclusions of the trial court are clearly erroneous. Rule 29.15(j). Such findings and conclusions are deemed clearly erroneous only if, after a review of the entire record, the appellate court is left with the definite and firm impression that a mistake has been made. *Sanders v. State*, 738 S.W.2d 856, 857 (Mo. banc 1987).

We find that with acuity the Supreme Court resolved movant's contentions in *Day v. State*, 770 S.W.2d 692 (Mo. banc 1989). Movant says not and relies upon *People v. Germany*, 674 P.2d 345 (Colo. banc 1983) and *People v. Dugger*, 673 P.2d 351 (Colo. banc 1983) for the proposition that Rule 29.15 makes no provision for an excuse or justifiable neglect in failing to file on time. We have read the cited opinions and find them unpersuasive. The time limitation in Rule 29.15 is reasonable. This limitation serves the legitimate end of avoiding delay in the processing of prisoners claims and prevents the litigation of stale claims. *Day v. State*, 770 S.W.2d 692 (Mo. banc 1989). We find the time limitation under Rule 29.15(m) is a valid procedural rule. We further find the trial court findings and conclusions were not erroneous and affirm the trial court's judgment.

CRANDALL and KAROHL, JJ., concur.