**The PEOPLE OF the CITY OF AURORA, By and on Behalf of the STATE of Colorado, Petitioner,**

v.

**Robert W. ALLEN, Respondent.**

**No. 93SC132.**

Supreme Court of Colorado,
En Banc.

June 20, 1994.

Charles H. Richardson, Stephen R. Ruddick, Robert Davis Beard, Aurora, for petitioner.

The Law Firm of Leonard M. Chesler, Rodney Allison, Laird Blue, Denver, for respondent.

Gale A. Norton, Atty. Gen., Stephen K. ErkenBrack, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., John Daniel Dailey, Deputy Atty. Gen., Robert Mark Russel, First Asst. Atty. Gen., Laurie A. Booras, Asst. Atty. Gen., Crim. Enforcement Section, Denver, for amicus curiae State.

Schoenwald & Lewis, P.C., Forrest W. Lewis, Denver, for amicus curiae CO Crim. Defense Bar.

Haddon, Morgan & Foreman, P.C., Ty Gee, Denver, for amicus curiae Aurora Mun. Court Public Defender's Office.

Justice VOLLACK delivered the Opinion of the Court.

The defendant, Robert W. Allen (Allen), was arrested, charged, and later convicted of soliciting oral sex from an undercover Aurora police officer posing as a prostitute. The solicitation was monitored by other police officers and recorded on audio tape. The tape was reused in the course of subsequent transactions, and was not preserved as evidence.

Because the tape was not available, the trial court sanctioned the prosecution by suppressing the testimony of the police officer and dismissed the case. The People appealed to the district court, which reversed the trial court and reinstated the case for trial. At trial, Allen was convicted. He appealed his conviction to the district court, which reversed the conviction, ruling that Allen's right to a speedy trial had been violated and that the testimony of the police officer should have been suppressed.

We granted certiorari to decide whether suppression of an undercover police officer's testimony is required where the police did not act in bad faith in failing to preserve evidence, whether Allen's right to a speedy trial was violated, and whether a ruling by an appellate court on a question of law becomes the law of the case to be followed in successive stages of the same litigation. We reverse and remand to the district court with directions to reinstate the judgment of conviction and sentence.

I.

On July 20, 1990, the Aurora Police Department conducted an undercover operation in which female police officers posed as prostitutes to target men who were soliciting women for prostitution on East Colfax Avenue. At approximately 11:30 p.m., Allen drove his car into a parking lot and Officer

Roberta Coleman approached him. She testified that she asked Allen, "What's up?" He replied, "I'm looking for a date."[1] She told him she was working out of Room 7 at the motel across the street, and he responded, "Okay, fine." She then asked him what he was interested in, and he responded, "Head." She testified that she told Allen the cost would be $20, and he showed her a $20 bill. Allen then drove to Room 7, where he met Officer Coleman at the door. When they entered the room, he was arrested by uniformed officers waiting inside.

The transaction was monitored by other police officers and recorded on a reel-to-reel tape. Officer Coleman testified that the purpose of the monitoring and recording was to ensure the safety of the female officers and to assist the officers in remembering details of conversations when they wrote their police reports. However, she testified that she did not listen to the tape of her conversation with Allen. After the arrest, according to normal procedures, the tape was rewound and used to monitor other transactions that night.

Trial in the Aurora Municipal Court was originally set for November 15, 1990, eighty-four days after Allen's arraignment. On the morning of trial, Allen made a motion to suppress the testimony of Officer Coleman because of the unavailability of the tape. The trial court did not rule on the motion, but rather, pursuant to C.M.C.R. 248(b), granted the People a continuance to respond to the motion, and extended the time limit for speedy trial an additional thirty days, until December 21, 1990.[2] Trial was rescheduled for December 11, 1990. By its written order of December 5, 1990, however, the trial court vacated the December 11 trial date. On December 13, via telephone conference, the court found that, although the actions of the police in erasing the tape were not taken in bad faith, because the erasure was intentional and not accidental, the testimony had to be suppressed. The court granted Allen's motions to suppress the evi-

---

**1.** Officer Coleman testified that, in street jargon, this is the phrase used to inquire whether a woman is available for hire as a prostitute.

**2.** C.M.C.R. 248(b) allows for one thirty-day continuance.

dence and dismiss the case. At no time did either side raise a speedy-trial objection.

The People appealed the suppression and dismissal orders on December 28, 1990.[3] On June 26, 1991, Chief Judge Joyce Steinhardt of the district court, holding that there was no due process violation unless Allen could show bad faith by the police in erasing the tape, reversed the trial court and reinstated the case for trial. Allen did not appeal Judge Steinhardt's decision to this court. Judge Steinhardt's order was received by the city attorney on July 2, 1991, and trial was set for September 24, 1991.

■ At a pretrial hearing on the day of trial, Allen made a motion to dismiss, claiming that after the case had been returned to the municipal court after appeal, the city had failed to bring him to trial within the speedy-trial period. The court denied his motion because Allen's attorney had not objected to the setting of the trial date and had first raised the issue on the day of trial.[4] The trial court heard the case and found Allen guilty. Allen received a suspended sentence of fifteen days and a fine of $150.

Allen appealed his conviction to the district court. Acting District Judge Ethan Feldman heard the appeal and held that, because trial had not been held on December 11, 1990, when it was originally scheduled, the time allowed for a speedy trial had expired and Allen was entitled to a dismissal. The court reasoned that the statutory exceptions to the speedy-trial requirement, e.g., section 18–1–405(6), 8B C.R.S. (1986), and Crim.P. 48, did not apply to violations of municipal ordinances. Judge Feldman also reviewed Judge Steinhardt's order of June 26, 1991, which reversed the trial court's suppression of the officer's testimony, and found that the testimony should have been suppressed. He found that Judge Steinhardt had misinterpreted the case law and erroneously required a showing of bad faith before she would suppress the testimony. Instead, Judge Feldman ruled, the destruction of a tape recording was not subject to a bad-faith analysis. Alternatively, he held that the intentional—as opposed to accidental—destruction of the tape amounted to bad faith per se.

## II.

■ We first address Judge Feldman's ruling on whether Allen's right to a speedy trial was violated. Judge Feldman held that, because the Municipal Court Rules were silent on the running of speedy trial during periods of appeal, speedy trial continued to run and was not tolled by the exceptions listed in section 18–1–405(6), 8B C.R.S. (1986), or Crim.P. 48. We disagree with his conclusion.

■ Pursuant to Colorado Municipal Court Rule 248, a defendant must generally be brought to trial within ninety days of the date of his entry of a plea of not guilty to the charges in the complaint. Under the same rule, a court may extend the period an additional thirty days. The computation of the speedy-trial period begins from the entry of the last not-guilty plea. *Amon v. People,* 198 Colo. 172, 597 P.2d 569 (1979). If the charges brought against the defendant are dismissed without prejudice, they become a nullity. *People v. Small,* 631 P.2d 148 (Colo. 1981); *People v. Dunhill,* 40 Colo.App. 137, 570 P.2d 1097 (1977), *cert. denied* (Jan. 9, 1978). Dismissal of all the charges is a final judgment on the case. If and when the defendant is arraigned under a subsequent information, the speedy-trial period begins anew, even if the charges are identical.[5]

---

3. Because trial was to the Aurora Municipal Court, the People appealed to the Arapahoe County District Court, which heard argument sitting as an appellate court.

4. A defendant is not entitled to a dismissal on speedy-trial grounds if neither he nor his attorney objected to the setting:

   If a trial date is offered by the court to a defendant who is represented by counsel and neither the defendant nor his counsel expressly objects to the offered date as being beyond the time within which such trial shall be had pursuant to this section, then the period within which the trial shall be had is extended until such trial date and may be extended further pursuant to any other applicable provisions of this section.

   § 18–1–405(5.1), 8B C.R.S. (1986).

5. The prosecution may not file and dismiss charges indiscriminately, however. *Jaramillo v. District Court,* 174 Colo. 561, 484 P.2d 1219 (1971).

*People v. Small,* 631 P.2d at 155; *People v. Kraemer,* 795 P.2d 1371, 1374 (Colo.App.), *cert. denied* (Sept. 4, 1990).

■ Speedy trial is tolled while an appeal is pending. *People v. Jamerson,* 198 Colo. 92, 596 P.2d 764 (1979).

On December 13, 1990, the first trial judge suppressed the police officer's testimony and dismissed the only charge against Allen. At this point, the charge became a nullity, and Allen was no longer affected by speedy-trial concerns. No charges were pending against him. The prosecution then appealed the suppression and dismissal orders to the district court.[6] Even if the case had not been dismissed, speedy trial would not continue to run during the appeal. On appeal, Judge Steinhardt reinstated the case against Allen. When the case was remanded to the municipal court, the speedy-trial period began running anew, beginning with the first day of the ninety-day period allotted under the Municipal Rules. Allen's trial took place on September 24, 1991, the eighty-fourth day of the speedy-trial period. We find no violation of Allen's right to a speedy trial.[7]

### III.

■ We turn next to the issue of whether a showing of bad faith is required before a defendant can claim that destruction of evidence violated his due process rights. The prosecution appeals the district court's order dismissing the case and contends that the destruction of the tape recording by the police did not violate Allen's due process rights. This issue is not properly before this court, and we decline to rule on it.

On November 15, 1990, the day this case was first set for trial in the municipal court, Allen made a motion to suppress the testimony of the undercover police officer because the tape the police used to monitor the conversation was unavailable. He also made a motion to dismiss the case. Four weeks later, the municipal court granted both of Allen's motions, finding that, although the actions of the police in erasing the tape were not taken in bad faith, because the erasure was intentional and not accidental, the testimony had to be suppressed. The prosecution appealed the suppression and dismissal orders to the district court. Chief Judge Steinhardt of the district court reversed the trial court and held that there was no due process violation unless Allen could show bad faith on the part of the police. She reinstated the charges and remanded the case for trial in the municipal court. Allen did not appeal this ruling to our court, nor did he raise the issue when the case was remanded for trial in the municipal court.

After Allen was found guilty at trial, he appealed to the district court. Acting District Court Judge Feldman reviewed and reversed District Judge Steinhardt's earlier appellate order on the suppression and dismissal. He found that the testimony should have been suppressed because Colorado law did not require that the destruction of the tape recording be subject to a bad-faith analysis. The prosecution appealed Judge Feldman's order to this court.

The issue of whether Allen must show bad faith on the part of the police before the testimony would be suppressed was not properly before Judge Feldman, and he should

---

6. Allen mistakenly characterizes the first appeal to the district court as an interlocutory appeal. It is not. No part of the case remained pending in the municipal court when the appeal was taken. Because it is not an interlocutory appeal, we find Allen's argument that we should apply *People v. Beyette,* 711 P.2d 1263 (Colo.1986), unpersuasive.

7. The trial court resolved Allen's speedy-trial argument by ruling that Allen had waived his right to claim a speedy-trial violation because his attorney had not objected to the trial date set by the court. The trial court was correct. Section 18–1–405(5.1) states:

If a trial date is offered by the court to a defendant who is represented by counsel and neither the defendant nor his counsel expressly objects to the offered date as being beyond the time within which such trial shall be had ..., then the period within which the trial shall be had is extended until such trial date.

The record indicates that the court clerk contacted the office of Allen's attorney after the case had been remanded to the municipal court, and the parties agreed on a date for trial. It was not until the day of trial that Allen's attorney objected to the trial date on speedy-trial grounds. We find that, under § 18–1–405(5.1), Allen waived his ability to claim that his right to a speedy trial had been violated.

not have addressed it. After Judge Steinhardt, as an appellate judge, ruled on the question of law and Allen did not appeal, her ruling became the law of the case.

▪ A prior ruling on a question of law made at one stage of a case becomes binding precedent to be followed in successive stages of the same litigation. *People v. Roybal,* 672 P.2d 1003 (Colo.1983); *People v. Casey,* 192 Colo. 568, 563 P.2d 2 (1977). The ruling must be followed as the law of the case unless the court determines that it is no longer sound because of changed conditions, factual errors in the previous ruling, intervening changes in the law, or manifest injustice resulting from the original ruling. *People ex rel. Gallagher v. District Court,* 666 P.2d 550 (Colo.1983).

Judge Steinhardt's ruling on appeal that bad faith had to be shown before the trial court could suppress the testimony became the law of the case when Allen did not appeal it to this court.[8] Because circumstances had not changed between the time of Judge Steinhardt's ruling and Judge Feldman's ruling, Judge Feldman was required to follow the law of the case. We further note that, after Judge Steinhardt's remand to reinstate the charge, Allen did not renew his motion to suppress the testimony of the police officer because of the unavailability of the tape. Allen's failure to raise the issue at trial prevented Judge Feldman from considering it on appeal. *See A.O. Smith Harvestore Prods., Inc. v. Kallsen,* 817 P.2d 1038 (Colo. 1991); *Alzado v. Blinder, Robinson & Co.,* 752 P.2d 544 (Colo.1988).

## IV.

We hold that Allen's right to a speedy trial was not violated. After the case was dismissed, the speedy-trial period began to run anew when it was reinstated. The suppression issue is not properly before us, and we decline to address it. Judge Steinhardt's order that the police officer's testimony should not be suppressed became the law of the case.

8. Because of our holding, we do not address whether the suppression of Officer Coleman's testimony would be the proper sanction against

We reverse and remand to the district court with directions to reinstate the judgment of conviction and sentence.

LOHR, J., concurs in part, dissents in part, and concurs in the judgment.

Justice LOHR, concurring in part, dissenting in part, and concurring in the judgment:

The majority reverses the judgment of the district court and remands the case to that court with directions to reinstate the defendant's judgment of conviction and sentence. Maj. op. at 209, 212. I agree with part III of the majority opinion, reasoning that the suppression of evidence issue is not properly before us. I agree as well with the majority's conclusion in part II that the defendant's right to a speedy trial was not violated. The majority grounds that conclusion on three separate and independent bases. I agree that the speedy trial period was tolled while the appeal was pending, *see* maj. op. at 211, and that the defendant waived his ability to claim that his right to a speedy trial had been violated, *see id.* at 211 n. 7. However, I disagree with the majority's conclusion that because the dismissal of the charge against the defendant constituted a final judgment, the speedy trial period terminated with that dismissal. *Id.* at 211. I therefore concur in part, dissent in part, and concur in the judgment of this court.

## I.

The majority adequately presents the facts of the case. In Part II of its opinion, the majority presents three rationales that support the conclusion that the defendant, Robert W. Allen (Allen), was not denied his right to a speedy trial. *Id.* at 210–211. However, the majority relies principally upon the rationale that the dismissal of all charges against Allen constituted a final judgment, with the result that those charges became a nullity. *Id.* at 210–211. Relying upon one of our previous opinions and two opinions of the court of appeals, the majority concludes that

the prosecution in this case, if there were a due process violation.

Allen's speedy trial period terminated with that final judgment and began anew when the case was remanded after appeal. *Id.* (citing *People v. Small*, 631 P.2d 148 (Colo.), *cert. denied*, 454 U.S. 1101, 102 S.Ct. 678, 70 L.Ed.2d 644 (1981); *People v. Kraemer*, 795 P.2d 1371 (Colo.App.1990); *People v. Dunhill*, 40 Colo.App. 137, 570 P.2d 1097 (1977)). I disagree with this analysis.

In *Small*, the prosecution, after first obtaining an indictment charging the defendant with first-degree murder and aggravated robbery, successfully moved for a *nolle prosequi* order. *Small*, 631 P.2d at 152. As a result, all charges against the defendant were dismissed without prejudice. *Id.* Charges were reinstated by a second indictment, but that indictment was later quashed. *Id.* Thereafter, an information was filed, and the defendant was tried and convicted of felony murder. *Id.* at 153. On appeal to this court, the defendant argued that he was denied his constitutional right to a speedy trial. *Id.* However, he did not raise a speedy trial claim under section 18–1–405, 8 C.R.S. (1978), or Crim.P. 48. *Id.* In evaluating the reasons for the delay of the defendant's trial, this court noted that when the original indictment was dismissed, it became a nullity, and that the delay was the product of a valid purpose. *Id.* at 154–55. We concluded that under these circumstances, the reinstitution of identical charges did not violate constitutional speedy trial principles. *Id.* at 155.

In *Kraemer*, the defendant initially pled not guilty to one count of securities fraud and two counts of racketeering. *Kraemer*, 795 P.2d at 1373. On the defendant's motion, the two racketeering counts were dismissed without prejudice. *Id.* On the prosecution's motion, the securities fraud count was dismissed without prejudice. *Id.* All three counts were then refiled under a new case number. *Id.* On appeal, the court of appeals stated: "[I]f charges in an original information are properly dismissed without prejudice within

the speedy trial limits for that case, they become a nullity, and the speedy trial period will begin anew upon defendant's arraignment under a subsequent information." *Id.* at 1374.

In *Dunhill*, the original information charging the defendant with vehicular homicide was dismissed for improper venue. *Dunhill*, 40 Colo.App. at 139, 570 P.2d at 1099. A second information was also dismissed for failure to prove venue. *Id.* Finally, after the filing of a third information, the defendant was tried and convicted. *Id.* On appeal, the court of appeals adopted a rule which it expressed in the following terms: " '[T]he original indictment or information became a nullity upon its dismissal and . . . the new indictment or information represents institution of a new and independent proceeding with respect to which the statute may be applied regardless of the occurrence of the original indictment or information.' " *Id.* at 139–40, 570 P.2d at 1099 (quoting R.P. Davis, Annotation, *Effect of dismissal of original indictment or information with subsequent reindictment or information, under statute implementing right of accused to speedy trial*, 30 A.L.R.2d 462, 465 (1953)).

The majority asserts that the dismissal of the charge against Allen constituted a final judgment and that upon that dismissal, the charge became a nullity. Maj. op. at 211. I agree that for purposes of appeal, the dismissal of the charge by the municipal court in this case resulted in a final judgment.[1] *See Bye v. Dist. Court*, 701 P.2d 56, 61 (Colo.1985) (in context of appeal to court of appeals, a final judgment is one that leaves nothing for the court pronouncing it to do in order completely to determine the rights of the parties involved in the proceeding). In contrast, "[a] *nolle prosequi* order is not the final disposition of a criminal case, but leaves the matter in the same condition as before the charges were filed." *Small*, 631 P.2d at 154.

---

1. The judgment was appealable to the Arapahoe County District Court. *See* § 13–10–116(2), 6A C.R.S. (1987) (appeals from judgments of a qualified municipal court of record shall be made to district court of county in which such municipal court is located, with practice and procedure to be the same as provided in § 13–6–310, 6A

C.R.S. (1987)). Appeals under § 13–6–310, relating to appeals from county courts, are to be from "final judgments and decrees." § 13–6–310(1). On appeal, the district court may "affirm, reverse, remand, or modify the judgment." § 13–6–310(2).

I do not agree that in the present case, the dismissal of the charge against Allen resulted in that charge becoming a nullity. In *Small, Kraemer,* and *Dunhill,* after the charges were dismissed, no appeals were taken from those dismissals. *Small,* 631 P.2d at 152–53; *Kraemer,* 795 P.2d at 1373; *Dunhill,* 40 Colo. App. at 139, 570 P.2d at 1099. Under those circumstances, the charges became a nullity for speedy trial purposes. However, in the present case, the trial court dismissed the charge on Allen's motion[2] and the prosecution appealed the dismissal to the district court. Although for purposes of that appeal, the dismissal of the charge constituted a final judgment, the final disposition of the charge remained in question pending resolution of that appeal. Therefore, the statutory speedy trial period did not terminate with the dismissal of the charge and Allen's speedy trial claim thus cannot be rejected on that basis.

## II.

Although I disagree with the majority's conclusion that the speedy trial period ended with the dismissal of the charge against Allen, I do agree with the majority's two alternative rationales for rejecting Allen's speedy trial claim. In its opinion, the majority notes that because Allen, through his attorney, agreed to the trial setting and failed to raise his speedy trial objection until the day of trial, he waived his speedy trial claim under section 18–1–405(5.1), 8B C.R.S. (1986). Maj. op. at 211 n. 7. Allen's waiver is alone sufficient to dispose of his speedy trial claim.

The majority opinion also includes a second rationale for rejecting Allen's speedy trial claim. Citing *People v. Jamerson,* 198 Colo. 92, 596 P.2d 764 (1979), the majority notes that a pending appeal tolls the speedy trial period and that even if the case had not been dismissed, Allen's speedy trial period would not continue to run during the appeal. Maj. op. at 211. Not only do I agree with this conclusion, but also I interpret the Municipal Court Rules (Rules), under which Allen was tried, to require this result. C.M.C.R. 248(b).

The Rules contain an exclusion to the speedy trial period that is virtually identical to an exclusion found in section 18–1–405(6)(f), 8B C.R.S. (1986). The Rules state:

> If there is unnecessary delay in the trial of a defendant, the court may dismiss the case. If the trial of a defendant is delayed more than ninety days after the arraignment of the defendant, or *unless the delay is occasioned by the action or request of the defendant,* the court may dismiss the case and the defendant shall not thereafter be tried for the same offense....

C.M.C.R. 248(b) (emphasis added). Section 18–1–405(6)(f) provides:

> (6) In computing the time within which a defendant shall be brought to trial ... the following periods of time shall be excluded:
>
> ....
>
> (f) *The period of any delay caused at the instance of the defendant;*

§ 18–1–405(6)(f), 8B C.R.S. (1986) (emphasis added); *see also,* Crim.P. 48(b)(6)(VI) (excluding from speedy trial period "[t]he period of delay caused at the instance of the defendant").

Under both the Rules and the statute, therefore, a delay caused by the defendant shall not be considered in calculating the speedy trial period. In *Jamerson,* after failing once to prevail on a motion to dismiss for lack of a speedy trial, the defendant was found guilty of two counts of theft by receiving. *Jamerson,* 198 Colo. at 94, 596 P.2d at 766. After the statute under which he was convicted was declared unconstitutional, the defendant was granted a new trial. *Id.* On December 20, 1977, the date of his new trial, the defendant successfully moved to dismiss the case against him for lack of a speedy trial. *Id.* The prosecution appealed that dismissal, obtained reversal, and the case was remanded with instructions to hold a new trial. *Id.* Prior to his new trial, the defendant again successfully moved to dismiss the case for lack of a speedy trial. *Id.* at 95, 596 P.2d at 766. In reviewing this last

---

**2.** After suppressing the testimony of the undercover police officer and the officer who was monitoring the solicitation of the undercover officer, the municipal court granted Allen's motion to dismiss, stating that "the prosecution simply cannot provide a case and present one."

 

dismissal under section 18–1–405, this court stated:

> The resolution of this issue lies in the fact that the *defendant,* not the state, presented the motion to dismiss which led to the appeal. The defendant moved to dismiss the charges against him on December 20, claiming he had been denied a speedy trial. The court agreed. The prosecution must be allowed to respond to this action by testing the trial court's ruling on appeal. *The delay was not occasioned by the prosecutor's action, but by the defendant's own motion.* We therefore hold that the period of time necessary to go through the appellate process, where the appeal stems from a dismissal upon the defendant's motion, tolls the statutory speedy trial period. The provision governing this situation is section 18–1–405(6)(f):

> "(6) In computing the time within which a defendant shall be brought to trial . . . ; the following periods of time shall be excluded:

> .   .   .   .   .

> "(f) The period of any delay caused at the instance of the defendant." *See also,* Crim.P. 48(b)(6)(VI).

*Id.* at 95–96, 596 P.2d at 767 (second emphasis added).

Thus, in *Jamerson,* we interpreted the exclusion in section 18–1–405(6)(f), which tolls the speedy trial period when a delay is caused by the defendant, to apply to situations where the defendant successfully moves to dismiss charges after which the prosecution appeals. Because the Rules contain a nearly identical exclusion, I conclude that in the present case the speedy trial period was tolled under the Rules when the proceedings were delayed by the appeal occasioned by Allen's motion to dismiss the case.

### III.

For the reasons discussed in Part I above, rejection of Allen's speedy trial claim cannot be based upon the rationale that because the charge against him became a nullity when it was dismissed, the speedy trial period terminated with the dismissal. However, it is not necessary to employ this rationale because each of the two alternative rationales pre-sented by the majority independently and sufficiently supports the conclusion that Allen's right to a speedy trial was not violated. Therefore, I would restrict our ruling to these two alternative grounds.

Accordingly, I concur in part, dissent in part, and concur in the judgment of this court.