24CA1047 Estate of Scott 04-03-2025

COLORADO COURT OF APPEALS

_____

Court of Appeals No. 24CA1047
Archuleta County District Court No. 18PR30059
Honorable Jeffrey R. Wilson, Judge

_____

In re the Estate of Rodney Ray Scott, deceased.

Timothy Ray Scott and Jennifer Jay Scott,

Appellants,

v.

Rodney Ray Scott Family Trust, Valerie Ann Green, Personal Representative,
and Cassandra Ann Scott,

Appellees.

_____

ORDER AFFIRMED

Division I
Opinion by JUDGE J. JONES
Brown and Yun, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced April 3, 2025

_____

Tonya J. Wales, Rowena, Texas, for Appellants

Holland & Hart LLP, Christopher M. Jackson, Kelsi B. White, Denver, Colorado,
for Appellees

¶ 1     Timothy Ray Scott and Jennifer Ray Scott (together, the Scott children) appeal the district court's March 5, 2024, order denying their objection to a hearing without appearance on the petition for final settlement of the estate of the decedent, Rodney Ray Scott, who was their father.  We affirm.

## I.     Background

¶ 2     The decedent died in 2018.  The Scott children filed claims against the estate initially styled as "[b]reach of contracts," and later styled as requests for the imposition of "reciprocal constructive trusts."  Their claims were based on two documents — which the district court later referred to as "A1" and "A2."

¶ 3     A1, dated March 26, 1990, is a one-page, handwritten document in which the decedent and Timothy Scott promised not to "liquidate" or "sell" specified parcels of real property.  The decedent promised not to "liquidate" specified parcels of real property "unless an agreement between [the decedent and] Tim Scott arises."  It also said, "This agreement is good for 1 year from date."  It was signed by the decedent and Timothy Scott.

¶ 4     A2, also dated March 26, 1990, is a two-page, handwritten document in which the decedent agreed that his real and personal

property would be divided equally between Timothy and Jennifer Scott upon his death, except for a gun collection, which would go to Timothy Scott. It was signed by the decedent, Timothy Scott, and Jennifer Scott.

¶ 5 The Scott children claimed that the decedent had breached those agreements by transferring property during his life. The estate's personal representative moved for summary judgment on those claims, arguing that the first document — A1 — expired by its terms one year after it was entered into and that the second document — A2 — didn't preclude the decedent from making inter vivos transfers of his assets as a matter of law.

¶ 6 The Scott children's response to the personal representative's motion didn't meaningfully engage the motion on the merits. Instead, their response merely discussed facts surrounding the creation of the decedent's will in 2016, recited general principles applicable to motions for summary judgment, and asserted the existence of disputed issues of material fact — without specifically identifying any such issues.

¶ 7 The district court granted the personal representative's motion in large part. Its relevant conclusions were that (1) the Scott

children hadn't responded to the argument in the motion, but had instead put forth a time-barred challenge to the 2016 will; (2) A1 expired by its express terms in 1991; (3) Jennifer Scott wasn't a party to A1; (4) A2 concerned division of the decedent's property upon his death but didn't prohibit the decedent from transferring his assets while he was alive; and (5) under a settlement agreement that Timothy Scott and the decedent entered into in 2006, Timothy Scott released the decedent from any claims relating to the decedent's real property. But because the personal representative hadn't made any argument concerning A2 as to Jennifer Scott, the court didn't dismiss her claims based on that document, though it did limit such claims to property owned by the decedent at the time of his death.

¶ 8     The parties filed a stipulation requesting that "final judgment" be entered on the Scott children's claims. Therein, the parties acknowledged that Jennifer Scott didn't have any viable claims following the court's summary judgment order. And they stipulated to a dismissal of Jennifer Scott's claims with prejudice, subject to the Scott children's right to appeal. The court granted the motion.

¶ 9      The Scott children appealed the judgment.  But because they filed their notice of appeal too late, a motions division of this court dismissed their appeal with prejudice.

¶ 10     The personal representative filed a petition for final settlement of the estate and a notice of a hearing on the petition without appearance.  The Scott children filed an objection to the notice, claiming rights in the decedent's property as heirs under A2 — one of the very same documents the court had previously ruled didn't support any claim against the estate.

¶ 11     The personal representative responded to the objection, arguing that the Scott children's claims under A2 were barred by "claim preclusion."  As a result, the Scott children weren't "interested persons" under section 15-10-201(27), C.R.S. 2024, because they didn't have a "claim against . . . the estate of a decedent," and therefore, according to the personal representative, had "no standing" to object to closure of the estate.

¶ 12     The district court denied the Scott children's objection.  It reasoned that, because it had previously rejected the claims on which their objection was based, and the court of appeals had dismissed their appeal of that order with prejudice, the Scott

children lacked "standing to object or otherwise participate in this case."

¶ 13 The Scott children filed a motion for reconsideration, arguing that as "heirs" they had standing to assert rights based on A2 under section 15-11-513, C.R.S. 2024. They didn't make any argument concerning the application of claim preclusion. Later, in their reply in support of their motion, the Scott children asserted, without citing any authority, that they could bring claims as "heirs" even if they couldn't do so as "claimants."

¶ 14 The court denied the motion for reconsideration. It concluded that the Scott children's claims had been "completely litigated and appealed," and therefore claim preclusion barred their objection.

¶ 15 The Scott children appeal the order denying their objection.

## II. Discussion

¶ 16 On appeal, the Scott children argue that the district court failed to recognize their status as heirs, and not merely claimants, and that as heirs they have standing to object to the final settlement of the estate. For three reasons, we affirm. *See Rush Creek Sols., Inc. v. Ute Mountain Ute Tribe*, 107 P.3d 402, 406 (Colo.

App. 2004) (we may affirm on any grounds supported by the record).

¶ 17    First, the Scott children don't address the applicability of claim preclusion to their objection, which was the basis on which the court denied their objection.  Their brief doesn't include any argument as to the elements of claim preclusion, much less any argument as to why any element isn't satisfied in this case. Because the Scott children haven't challenged the foundational basis for the court's ruling, we must affirm.  *See IBC Denver II, LLC v. City of Wheat Ridge*, 183 P.3d 714, 717-18 (Colo. App. 2008) (an appellant's failure to challenge all bases for the lower court's decision requires affirmance).

¶ 18    Second, if the Scott children intend to challenge the district court's application of claim preclusion, they didn't preserve that challenge.  As noted above, when the personal representative raised claim preclusion, the Scott children didn't address that argument. Therefore, we won't consider any such challenge for the first time on appeal.  *Good Life Colo., LLC v. WLCO, LLC*, 2025 COA 8M, ¶¶ 31-39; *Liberty Bankers Life Ins. Co. v. First Citizens Bank & Tr. Co.*, 2014 COA 151, ¶ 25.

¶ 19　Third, the district court's initial ruling that the Scott children had no claim against the estate based on A1 or A2 was the law of the case. *See Concrete Works of Colo., Inc. v. City & Cnty. of Denver*, 321 F.3d 950, 992 (10th Cir. 2003) ("[A] legal decision made at one stage of litigation, unchallenged in a subsequent appeal when the opportunity to do so existed, becomes the law of the case for future stages of the same litigation, and the parties are deemed to have waived the right to challenge that decision at a later time." (quoting *Capps v. Sullivan,* 13 F.3d 350, 353 (10th Cir. 1993))). There are circumstances in which a court may disregard the law of the case. *See Lobato v. State*, 2013 CO 30, ¶ 12; *People v. Allen,* 885 P.2d 207, 212 (Colo. 1994). But the Scott children don't argue that any such circumstances exist. Thus, we can't conclude that the district court erred by adhering to its prior ruling.

### III.　Conclusion

¶ 20　The district court's order is affirmed.

JUDGE BROWN and JUDGE YUN concur.