**James Henry GINN, Plaintiff-Appellant,**

v.

**The COUNTY COURT In and For the CITY AND COUNTY OF DENVER, State of Colorado, and the Honorable John Coughlin, One of the Judges Thereof, Defendants-Appellees.**

**No. 82CA1472.**

Colorado Court of Appeals, Div. IV.

Feb. 9, 1984.

Robert W. Cook, Boulder, for plaintiff-appellant.

Norman Early, Jr., Dist. Atty., Brooke Wunnicke, Chief Appellate Deputy Dist. Atty., Denver, for defendants-appellees.

ENOCH, Chief Judge.

James Henry Ginn appeals a district court order dismissing his petition for a writ of prohibition. The district court determined that the county court did not abuse its discretion in ordering the taking of nontestimonial evidence from Ginn, a defendant in the county court. We affirm.

While Ginn was in custody of the Denver Sheriff's Department and charged with several crimes committed in Colorado, the district attorney, acting pursuant to Crim.P. 41.1, filed a motion in county court for nontestimonial identification. The motion was based on an affidavit by a California police officer alleging that Ginn had

been charged in California with several felony offenses under California law. The motion sought to obtain blood, urine, and saliva samples, finger and palmprints, and handwriting exemplars to be taken in Colorado and delivered to California authorities for the purpose of further investigating the California charges. The county court heard the motion and ordered Ginn to submit to the taking of this nontestimonial evidence.

Ginn filed a petition in the district court seeking review of the county court order pursuant to C.R.C.P. 106(a)(4). He alleged that the county court had exceeded its jurisdiction in issuing its order. After a hearing, the district court dismissed the petition for the writ of prohibition.

## I.

 Ginn contends that the county court abused its discretion in ordering the taking of nontestimonial evidence because Crim.P. 41.1 is for the exclusive use of Colorado officials in investigating offenses which occur in Colorado. We disagree.

Crim.P. 41.1 does not expressly limit its use to Colorado agencies investigating Colorado offenses. The term "offense" is broadly defined as "any felony, Class 1 Misdemeanor, or other crime which is punishable by imprisonment for more than one year." Crim.P. 41.1(h)(1). Unlike the proposed federal rule which expressly limits the definition of "offense" in Federal Rules of Criminal Procedure 41.4 to federal crimes, the Colorado definition is not expressly limited to Colorado offenses, and there is no indication that the drafters intended to limit its use to violations of Colorado statutes. Such a limited interpretation of Rule 41.1 would also be contrary to the drafters' intent to cooperate with other jurisdictions in obtaining evidence for subsequent criminal proceedings. *See* Crim.P. 41(b)(5). Therefore, we hold that where, as here, the requirements of Crim.P. 41.1 are met, it is not an abuse of discretion for a

county court to issue a nontestimonial identification order even though the offenses involved were committed in another jurisdiction.

## II.

 Ginn further contends that the taking of nontestimonial evidence for use outside of Colorado would deprive him of procedural safeguards provided by Crim.P. 41.1. We find no merit in this contention.

Ginn admits that the California courts are bound to suppress evidence when there is a violation of federal or state constitutional standards, *see* California Penal Code § 1538.5, but argues that Crim.P. 41.1 offers better protections than those which are constitutionally mandated.

Our Supreme Court in *People v. Madson*, 638 P.2d 18 (Colo.1981), held that Crim.P. 41.1 was constitutional and that, under the guidelines set forth in *Davis v. Mississippi*, 394 U.S. 721, 89 S.Ct. 1394, 22 L.Ed.2d 676 (1969), the rule was not in violation of the Fourth Amendment or *Colo. Const.*, Art. II, Sec. 7. But, *Madson* contains no indication that Crim.P. 41.1 affords a defendant any greater protection than constitutionally mandated by *Davis v. Mississippi, supra*. Hence, although the California courts are not bound to follow Colorado case law or the Colorado Rules of Criminal Procedure, it is sufficient that the California courts are also bound by *Davis v. Mississippi, supra*, and that therefore Ginn will be afforded the same protections and safeguards guaranteed by the Fourth Amendment plus any additional safeguards that may be afforded him under California law.

Judgment affirmed.

HODGES * and SILVERSTEIN †, JJ., concur.

---

* Sitting by assignment of the Chief Justice under provisions of the *Colo. Const.*, Art. VI, Sec. 5(3),