**Thomas Norman TONGISH,
Petitioner–Appellee,**

v.

**ARAPAHOE COUNTY COURT, State of Colorado, and the Honorable Richard Jauch, one of the Judges thereof, Respondents–Appellants.**

**No. 87CA1419.**

Colorado Court of Appeals,
Div. III.

March 2, 1989.

Rehearing Denied March 23, 1989.

Certiorari Denied June 19, 1989.

Law Firm of Leonard M. Chesler, Leonard M. Chesler, Rod Allison, Denver, for petitioner-appellee.

Robert R. Gallagher, Jr., Dist. Atty., Brian K. McHugh, Deputy Dist. Atty., Englewood, for respondents-appellants.

NEY, Judge.

Respondents, the Arapahoe County Court and the Honorable Richard Jauch, appeal from a district court order which determined that the county court had abused its discretion and exceeded its jurisdiction by refusing to dismiss the complaint against defendant, Thomas Norman Tongish. The district court found that defendant's right to a speedy trial had been violated. We affirm.

Defendant pleaded not guilty to a charge of driving under the influence of intoxicating liquor. He sought and was granted three continuances of the pretrial conference. He waived his right to a speedy trial when the first two continuances were sought, but not for the third, and both parties agree that the speedy trial period thus began to run from the end of the period covered by defendant's last waiver of his speedy trial rights, i.e., March 14, 1986.

Although the third date for a pretrial conference had been scheduled for May 5, 1986, defendant sought and obtained another continuance for 30 days because of a scheduling conflict. The final pretrial conference date had been scheduled for June 5, 1986, but was vacated once more at defendant's request.

During this entire period no trial date had been set. No reason for not setting a trial date appears in the record. Rather than again continuing the pretrial conference, the county court set the case for jury trial to commence on August 25, 1986, within the statutory six-month period from March 14, 1986.

On August 6, two months after the trial date had been set, the district attorney moved to continue the trial because his key witness would be unavailable. The motion was heard on August 25, 1986, the date of the scheduled trial. The county court granted the motion over defendant's objection and reset the trial date to October 6.

Acknowledging that the October 6 date was more than six months beyond defendant's last waiver of speedy trial, the county court nonetheless found that there was no violation of the speedy trial deadline, which would otherwise have occurred on September 14, 1986. The county court found the 30-day continuance of the pretrial conference in May had been a delay caused by the defendant such that it was excluded from speedy trial calculation by § 18–1–405(6)(f), C.R.S. (1986 Repl.Vol. 8B). Therefore, the county court concluded that the new trial deadline of October 6 was within the extended deadline, which it determined to be October 14, 1986.

The defendant brought this C.R.C.P. 106(a)(4) proceeding, and the district court ruled that defendant's right to speedy trial had been violated and that the county court was proceeding to trial in violation of § 18–1–405, C.R.S. (1986 Rep.Vol. 8B). It held that a continuance of a pretrial conference was not the same as continuance of a trial and that, thus, defendant had not caused "a delay in the trial" that would support the application of § 18–1–405(6)(f), C.R.S. (1986 Repl.Vol. 8B).

On appeal to this court, the People argue that because defendant's requested continuance of the pretrial conference caused a 30-day delay in the pretrial proceedings, the county court was required to exclude those 30 days from the computation of speedy trial time limits. We reject this argument because it makes no distinction between delays which delay the trial and those which do not.

■ Section 18–1–405, C.R.S. (1986 Repl. Vol. 8B) is intended to implement the constitutional right to speedy trial by requiring that a defendant be brought to trial within six months from the date a plea of not guilty is entered. *People v. Deason*, 670 P.2d 792 (Colo.1983). If a defendant is not brought to trial within this time, and no allowable extensions or exclusions are applicable, then the charges against the defendant must be dismissed. *People v. Byrne*, 762 P.2d 674 (Colo.1988). In computing the time within which a defendant must be brought to trial, one allowable exclusion from the allotted six months is the "period of any delay caused at the instance of the defendant." Section 18–1–405(6)(f), C.R.S. (1986 Repl.Vol. 8B).

No Colorado cases have specifically addressed the question of what type of pretrial delay is excluded by § 18–1–405(6)(f); however, several decisions have indicated in dicta that the delays or postponements referred to by the term "delay" throughout the statute are those affecting the ability to begin trial within speedy trial limits. *See Rodman v. County Court*, 694 P.2d 871 (Colo. App.1984) (request for a pretrial conference not a delay chargeable to defendant); *People v. Bell*, 669 P.2d 1381 (Colo.1983) (delay resulting from hearing on qualified plea not chargeable to defendant); *Tasset v. Yeager*, 195 Colo. 190, 576 P.2d 558 (1978) (where defense counsel refused every trial setting except one, delay in coming to trial was not chargeable to defendant).

In *People in Interest of N.P.*, 768 P.2d 706 (Colo.1989), the supreme court considered the period of time excludable under § 18–1–405(6)(f) when a defendant's challenge to the constitutionality of a statute affected the commencement of trial within speedy trial limits. That case, however, does not address the question of whether pretrial delays which do not delay the trial date are excludable from computation under § 18–1–405(6)(f). In *N.P.* and all the cases cited therein, unlike the situation here, the defendants' actions had an effect on the trial date.

We conclude that under § 18–1–405(6)(f), only delays which impede the statutory goal of bringing a defendant to trial within six months are excludable from computation of the speedy trial deadline. Procedural interruptions which do not delay a trial beyond the six-month period are not automatically excludable without the defendant's waiver of speedy trial rights.

We note that a pretrial conference is not required in a criminal proceeding, and, where one is provided, it is not a prerequisite to the scheduling of a trial date. Therefore, the 30–day continuance obtained by defendant in May did not contribute in any way to delaying trial beyond the speedy trial deadline, and the People make no claim that it did so. Accordingly, under our construction of the statute, that 30–day period was not chargeable to defendant. *See Tasset v. Yeager, supra.* Thus, no exclusion was available to extend the statutory time period, and the district court correctly concluded that the case against defendant must be dismissed.

ORDER AFFIRMED.

KELLY, C.J., and FISCHBACH, J., concur.