**Jing Hong HUANG, Plaintiff–Appellant,**

v.

**COUNTY COURT OF DOUGLAS COUNTY and the Honorable James Miller, one of the Judges thereof, Defendants–Appellees.**

No. 02CA1501.

Colorado Court of Appeals,
Div. IV.

April 8, 2004.

Certiorari Denied Oct. 4, 2004.*

* Whether Petitioner's speedy trial rights were violated when the court dismissed the case five days before expiration of the speedy trial period for failure to prosecute and the prosecution subsequently refiled the charges after the original speedy trial period expired.

David S. Kaplan, Colorado State Public Defender, Laurie Rose Kepros, Deputy State Public Defender, Christina Brigham, Deputy State Public Defender, Denver, Colorado, for Plaintiff–Appellant.

James J. Peters, Arapahoe County District Attorney, William W. Hood, III, Chief Deputy District Attorney, Centennial, Colorado, for Defendants–Appellees.

Opinion by Judge CASEBOLT.

In this C.R.C.P. 106(a)(4) action, plaintiff, Jing Hong Huang, appeals the district court's order affirming the decision of defendants, the Honorable James Miller and the County Court of Douglas County, that denied plaintiff's motion to dismiss the criminal charges against him on speedy trial grounds. We affirm.

Plaintiff pleaded not guilty in the Douglas County Court to two counts of assault in the third degree and one count of child abuse. His case was scheduled to go to trial five days before the running of the applicable speedy trial period. On the first day of the scheduled trial, the prosecution told the court it was unable to proceed because it lacked an essential witness. The court denied the prosecution's request to continue the trial and instead granted plaintiff's request to dismiss the case.

Three months later, the prosecution refiled identical charges. Plaintiff moved to dismiss those charges, asserting violations of his speedy trial and due process rights. The court denied the motion, finding that it had dismissed the previous charges without prejudice and that the original speedy trial period became a nullity when the previous charges were dismissed before the running of that period.

Thereafter, plaintiff initiated this action in the district court pursuant to C.R.C.P. 106(a)(4) seeking to reverse the county court decision. The district attorney's office filed an answer. In response, plaintiff filed a combined motion for default judgment and motion to strike the answer as filed by a nonparty. Without addressing plaintiff's motion, which was apparently not in the court file at the time, the district court denied the request for reversal, determining that upon the refiling of charges following dismissal without prejudice, the speedy trial period began to run anew.

On appeal, plaintiff requested and received a limited remand to the district court to address his combined motion. The court denied the motion, ruling that although the People are not a party to the C.R.C.P. 106(a)(4) action, the district attorney had the authority to represent the defendants.

## I.

Plaintiff contends the district court erred in allowing the district attorney to appear on behalf of defendants in this proceeding because such representation is not

authorized by law and poses ethical conflicts of interest. We disagree.

■ A criminal prosecution may be commenced in the county court, as here, by the issuance of a summons and complaint. Section 16–5–101, C.R.S.2003. Once prosecution has begun, the district attorney appears on behalf of the state and the counties of his or her district in all proceedings within the district in which the state, or the People thereof, may be a party. Section 20–1–102, C.R.S. 2003; *People v. Joseph,* 920 P.2d 850 (Colo. App.1995). Thus, the district attorney is the individual authorized by law to prosecute the offense, *People v. Macrander,* 828 P.2d 234 (Colo.1992), unless the General Assembly has specifically vested prosecution authority in the attorney general. *See H.B. v. Lake County Dist. Court,* 819 P.2d 499 (Colo.1991)(district attorney could not prosecute dependency and neglect proceedings; only county attorney was statutorily authorized); *Harris v. Jefferson County Court,* 808 P.2d 364 (Colo.App.1991)(when the General Assembly authorizes a different body to prosecute a particular type of action, district attorney is without authority to act; statute authorized only attorney general to prosecute violations of hazardous waste act).

We have found no statute or case law, and plaintiff has cited none, restricting the district attorney's ability to appear in C.R.C.P. 106 proceedings or requiring that the district attorney have specific authorization to appear. In fact, we note that in a number of Colorado cases a district attorney has prosecuted a criminal defendant and has continued to argue the People's position by subsequently representing a county court and its judge in that defendant's C.R.C.P. 106(a)(4) action. *See, e.g., Tongish v. Arapahoe County Court,* 775 P.2d 63 (Colo.App.1989); *Ginn v. County Court,* 677 P.2d 1387 (Colo.App.1984). *But see Walker v. Arries,* 908 P.2d 1180 (Colo.App.1995)(county court represented by attorney general).

Here, the county court and Judge Miller are defendants simply because Judge Miller issued the ruling that plaintiff seeks to reverse. *See Kornfeld v. Perl Mack Liquors, Inc.,* 193 Colo. 442, 567 P.2d 383 (1977)(the function of a C.R.C.P. 106(a)(4) proceeding is to review the action of an inferior tribunal that has allegedly exceeded its jurisdiction or abused its discretion; because such a proceeding is properly brought against the inferior tribunal and the rule to show cause issues only against the tribunal, the relief may be granted, if at all, against the tribunal only).

■ Moreover, under § 16–12–102, C.R.S. 2003, the district attorney is authorized to appeal any decision of the trial court in a criminal case upon any question of law. *See People v. Traubert,* 199 Colo. 322, 608 P.2d 342 (1980). It follows as well that a district attorney would be allowed to participate in an appeal brought by the defense. And while a C.R.C.P. 106 proceeding involving a county court determination is not an "appeal" from that determination, from a practical standpoint, it is a frequently used method of seeking review of a county court determination that it has jurisdiction in a particular case. *See County Court v. Ruth,* 194 Colo. 352, 575 P.2d 1 (1977)(C.R.C.P.106(a)(4) provides a procedure to challenge the trial court's jurisdiction when there is "no plain, speedy and adequate remedy."). Accordingly, a district attorney should be able to appear in such proceedings either on his or her own behalf or on behalf of the named C.R.C.P. 106 defendants. It would make little sense to prohibit the district attorney from appearing or representing the county court or its judge when the People of the State of Colorado are, in practice, the real parties in interest as to the county court's ruling.

To hold otherwise would unduly restrict the powers of the district attorney, which we are not at liberty to do. *See People ex rel. Losavio v. Gentry,* 199 Colo. 153, 606 P.2d 57 (1980)(pursuant to the authority granted by the Colorado Constitution, the legislature has determined various responsibilities of the district attorney and has determined the circumstances under which the district attorney may be supplanted in the exercise of those powers; the legislature is the only body empowered to circumscribe the duties of the district attorney, and courts require that such restrictions be construed as narrowly as possible).

■ Nor do we perceive any basis to disqualify the district attorney here. A district

attorney may only be disqualified in a particular case at his or her own request, upon a showing that the district attorney has a personal or financial interest, or when special circumstances exist that would render it unlikely that the defendant in a criminal case would receive a fair trial. Section 20–1–107(2), C.R.S.2003; *People v. C.V.*, 64 P.3d 272 (Colo.2003).

Section 20–1–107, C.R.S.2003, does not require disqualification of the district attorney simply because the district attorney has *some* interest in the case. Rather, disqualification is appropriate only when the district attorney has some involvement in the litigation, apart from his or her professional responsibility of upholding the law, which would impair that office's ability to prosecute the case fairly. *People ex rel. Sandstrom v. Dist. Court*, 884 P.2d 707 (Colo.1994).

The district attorney has no personal interest in this case other than his professional responsibility of upholding the county court's denial of plaintiff's motion to dismiss the second set of charges. *See* § 20–1–107(2); *People ex rel. Sandstrom v. Dist. Court, supra*. It is the ruling itself that is the subject of review on appeal; thus, the district attorney continues to represent the People's position in plaintiff's case. And like the district attorney, neither C.R.C.P. 106 defendant has any inappropriate personal interest in the outcome of the underlying criminal case against plaintiff.

To the extent plaintiff contends the district attorney's representation of defendants here poses ethical conflicts of interest because the People are a party to plaintiff's underlying criminal case and numerous others before these defendants, we reject that argument. We perceive no violation of the Rules of Professional Conduct cited by plaintiff, such as Colo. RPC 1.7. As the district court correctly noted, ethical conflicts do not arise in this situation because the traditional confidential attorney-client relationship does not exist between the district attorney and the C.R.C.P. 106 defendants. The district attorney is essentially defending the ruling, not the county court and the judge.

Hence, the district court properly allowed the district attorney to file an answer on behalf of defendants in this C.R.C.P. 106 action. For similar reasons, the court properly denied the motions to strike and for default judgment.

## II.

Plaintiff contends the district court erred in finding that the county court did not abuse its discretion or act in excess of its jurisdiction when it refused to dismiss the second set of charges against him. Specifically, plaintiff argues that the speedy trial statute, § 18–1–405, C.R.S.2003, bars the refiling of charges identical to the previously dismissed charges. We disagree.

In a proceeding under C.R.C.P. 106(a)(4), judicial review of a county court's ruling is limited to whether the county court exceeded its jurisdiction or abused its discretion under circumstances in which there is no plain, speedy, or adequate remedy otherwise provided by law. *Zipse v. County Court*, 917 P.2d 331 (Colo.App.1996).

An appellate court reviewing a district court's decision upholding the ruling of a county court must consider whether the county court applied the correct legal standard in resolving the issue before it and whether sufficient evidence supports the county court's ultimate ruling. *See Zipse v. County Court, supra*.

Pursuant to § 18–1–405 and Crim. P. 48(b), a criminal defendant must generally be brought to trial within six months from the date of entry of a plea of not guilty.

The speedy trial period is calculated separately for each criminal complaint brought against a defendant. When charges in a complaint are properly dismissed within the speedy trial period without prejudice, they become a nullity. If and when the defendant is arraigned under a subsequent information, the speedy trial period begins anew, even if the charges are identical. *People v. Allen*, 885 P.2d 207 (Colo.1994); *Meehan v. County Court*, 762 P.2d 725 (Colo.App. 1988).

Here, the county court held that the first set of charges had been dismissed without prejudice. Although the court considered the unavailability of trial dates before the

expiration of plaintiff's original speedy trial period and did not use the words "without prejudice" in its dismissal, it specifically ordered the first set of charges dismissed for the inability to prosecute. And upon its refusal to dismiss the second set of charges, the county court concluded that regardless of whether it had so stated previously, there was no basis for dismissing the first set of charges with prejudice.

We agree with the court's determination. The court was not asked to, could not, and did not dismiss the charges based on a violation of plaintiff's right to a speedy trial, because the applicable period had not yet run. Hence, the dismissal was without prejudice. *Cf. People v. Wolfe*, 9 P.3d 1137 (Colo.App.1999)(failure to comply with speedy trial statute requires dismissal with prejudice). Rather, it dismissed the charges because of the prosecution's inability to proceed without an essential witness. Hence, plaintiff's original speedy trial period became a nullity with the dismissal of the first set of charges and began to run anew upon plaintiff's arraignment under the second set of charges. *See People v. Allen, supra; Meehan v. County Court, supra.*

Plaintiff's reliance upon *Jaramillo v. Dist. Court*, 174 Colo. 561, 484 P.2d 1219 (1971), and *People v. Williams*, 987 P.2d 232 (Colo. 1999), is misplaced. In *Jaramillo*, trial was scheduled to commence months after the running of the applicable speedy trial period. Here, there was never a trial setting beyond the applicable speedy trial period, and the case was dismissed before the running of that period. In *Williams*, the court disapproved the prosecution's tactic of dismissal and refiling criminal felony charges to avoid holding a timely preliminary hearing. Here, no preliminary hearing issue is involved.

*People v. Anderson*, 649 P.2d 720 (Colo. App.1982), is of no assistance to plaintiff either. There, the court noted that the failure to comply with speedy trial limits is jurisdictional in the sense that a criminal defendant may request mandatory dismissal of the charges upon the expiration of the allotted time. Here, the allotted time had not expired when plaintiff requested dismissal.

We likewise reject plaintiff's contention that, as a matter of policy, the People should be prohibited from refiling the charges to evade or circumvent the time limits provided by the speedy trial statute.

First, plaintiff has not alleged, let alone established, the existence of such a course of action by the prosecution. *See Meehan v. County Court, supra* (to be entitled to dismissal because the prosecution has sought to evade the application of the speedy trial statute, a defendant must affirmatively establish the existence of such a course of action).

Second, plaintiff, not the prosecution, sought dismissal of the first set of charges. Hence, prohibiting the refiling by the prosecution makes little sense. Plaintiff could have objected to dismissal, objected to any setting of another trial date beyond the speedy trial period, and requested that the charges remain pending until passage of the speedy trial period before moving to dismiss. *See People v. Wolfe, supra* (after speedy trial period expires without trial occurring, defendant is entitled to dismissal with prejudice). Moreover, *People v. Williams, supra,* on which plaintiff relies, condemns "loopholes" that allow the prosecution to evade the mandates of procedural rules and prohibits the state from refiling charges after it moves to dismiss cases without prejudice. The rationale of *Williams* does not apply where, as here, the defense seeks and receives dismissal.

Third, the prosecution is not necessarily being rewarded with the opportunity to refile charges for its failure to produce an essential witness. Plaintiff did not request dismissal of the refiled charges as a sanction; rather, he requested dismissal only on speedy trial grounds.

Finally, the prosecution has not avoided compliance with plaintiff's right to a speedy trial by refiling the case. Plaintiff still has a speedy trial right. The prosecution must bring the case to trial within the speedy trial period, although a new six-month period will apply. *See Meehan v. County Court, supra* (if the charges of the original information are dismissed without prejudice by the trial court within the speedy trial period, such dismissal

is sufficient to protect a criminal defendant's rights under § 18–1–405).

Accordingly, we conclude that the county court did not exceed its jurisdiction or abuse its discretion in declining to dismiss the second set of charges against plaintiff. Hence, the district court properly denied relief under C.R.C.P. 106(a)(4).

The order is affirmed.

Judge GRAHAM and Judge LOEB concur.