The PEOPLE of the State of Colorado, Plaintiff–Appellant,

v.

Quincy Yarnell WALKER, Defendant–Appellee.

No. 10CA1236.

Colorado Court of Appeals, Div. II.

Feb. 17, 2011.

**552**

the victim's failure to appear for trial. Because we conclude the court erred in its determination that the dismissal and refiling of charges violated defendant's statutory right to a speedy trial, we reverse the order of dismissal and remand for reinstatement of the charges.

The speedy trial statute entitles a defendant to a dismissal of the charges if the case is not brought to trial within six months of the date a not guilty plea enters. § 18–1–405(1), C.R.S.2010; *People v. Platt,* 170 P.3d 802, 806 (Colo.App.2007), *aff'd on other grounds,* 201 P.3d 545 (Colo.2009).

■ However, "[w]hen charges in a complaint are properly dismissed within the speedy trial period without prejudice, they become a nullity. If and when the defendant is arraigned under a subsequent information, the speedy trial period begins anew, even if the charges are identical." *Huang v. County Court,* 98 P.3d 924, 928 (Colo.App.2004). The rationale for this rule is that where "the charges of the original information are dismissed without prejudice by the trial court within the speedy trial period, such dismissal is sufficient to protect a defendant's rights under [section] 18–1–405." *Meehan v. County Court,* 762 P.2d 725, 726 (Colo.App.1988).

■ There is an exception to the rule that the refiling of previously dismissed charges results in a resetting of the speedy trial clock. But it is a narrow one, and it applies only where a defendant "affirmatively establish[es]" that the prosecution "indiscriminately dismiss[ed] and refile[d] charges in order to avoid" the statutory speedy trial mandate. *Id.*

■ Where, as here, a trial court dismisses charges based on its application of a speedy trial statute to undisputed facts, our review is de novo. *See People v. Carr,* 205 P.3d 471, 473 (Colo.App.2008).

Donald S. Quick, District Attorney, Michael J. Milne, Senior Deputy District Attorney, Brighton, Colorado, for Plaintiff–Appellant.

Douglas K. Wilson, Colorado State Public Defender, Jessica Jones, Deputy State Public Defender, Denver, Colorado, for Defendant–Appellee.

Opinion by Judge LOEB.

The prosecution appeals the trial court's order dismissing domestic violence charges which it refiled against defendant, Quincy Yarnell Walker, after the court dismissed the original charges, without prejudice, due to

### I. Procedural History

The prosecution charged defendant with first degree assault, second degree assault, and violation of a restraining order. The supporting affidavit alleged that he had repeatedly struck and kicked the victim, who

was then pregnant with his child, in the face. According to the affidavit, the victim suffered two black eyes and a broken nose.

On October 6, 2008, the six-month statutory speedy trial period began to run when defendant entered a not guilty plea. The court scheduled a trial for March 9, 2009.

In January, the court granted the prosecution's motion to continue the trial due to the unavailability of an expert witness. The court rescheduled the trial for March 30, 2009.

At a motions hearing in February, the prosecutor informed the court that the victim had been served with a subpoena (to appear for the March 30 trial) while she was at a hospital to deliver her baby. The court directed the prosecutor to have her served with a second subpoena to appear for a pretrial conference on March 18, 2009.

On March 4, 2009, the prosecutor informed the court that, although the victim remained under subpoena for the March 30 trial and had told him that she intended to appear, she had also said she would not appear for the pretrial conference on March 18. The prosecutor explained that efforts were under way to locate the victim and have her served with a subpoena for the pretrial conference.

Those efforts were not successful, and the victim did not appear for the pretrial conference on March 18, 2009. Defense counsel informed the court that her investigator had spoken with the victim on the phone, and that the victim had stated she would not appear for the pretrial conference or the trial. In response, the prosecutor explained that defendant had a "history ... [of] cases ... be[ing] dismissed because people don't show up." The prosecutor insisted that he was "not willing to just throw up [his] hands and say that because she doesn't want this to go forward, that [he would be] willing to drop this." In addition, he assured the court that, if the victim failed to appear for trial and the court issued a warrant, he would go to great lengths to have her arrested: "[W]e can go find her.... It will take us a lot of work to do it, but we will do it." The court agreed to leave the trial set as scheduled.

The victim did not appear for trial on March 30, 2009, and the prosecutor told the court that she had not responded to his voice message offering to arrange transportation to the courthouse. The prosecutor asked the court to continue the trial, release defendant from custody, and issue an arrest warrant for the victim so that he could then have the "Fugitive Task Force" search for her, including at "the shelter that she goes to." Defense counsel objected to the requested continuance, noting that the speedy trial period would expire on April 6.

The trial court refused to grant a continuance and sua sponte dismissed the charges, stating there was "no reason to believe" the victim would appear in the future. However, the court made clear that the dismissal was "without prejudice." Defendant did not object to the dismissal without prejudice.

On November 10, 2009, the prosecutor refiled the charges (which were identical to the original charges, except that the lesser included offense of second degree assault was not charged separately). In an accompanying notice, he informed the court that the victim had recently been "picked up on the warrant" which the court had issued (at the prosecution's request) after she had failed to appear on March 30. The notice further stated that the return date on the warrant for a contempt hearing was November 20, 2009, and that the victim "has indicated that she is now available as a witness in this case and will be at any trial that is scheduled."

On November 12, 2009, defendant was arrested on the refiled charges. The victim appeared before the court on November 20, and the court granted the prosecution's request to continue the hearing on the contempt citation.

On January 22, 2010, the court conducted a preliminary hearing and found probable cause to proceed.

On February 8, 2010, defendant entered a plea of not guilty and informed the court that he would be moving to dismiss the refiled charges based on an alleged violation of his right to a speedy trial.

Defendant filed a written motion to dismiss. Although the motion referenced the

speedy trial provisions in the federal and state constitutions, the actual claim was based exclusively on the statutory right to a speedy trial. *See People v. McMurtry,* 122 P.3d 237, 241 (Colo.2005) (a defendant's statutory right to speedy trial is separate from the constitutional speedy trial right which the statute effectuates, and a defendant "may only raise the improper denial of his constitutional right to a speedy trial on appeal if he raised it first in the trial court").

At a hearing on the motion, the court found that there was no basis to conclude the prosecutor had acted in bad faith. Although the court acknowledged that the case had been dismissed over the prosecutor's objection, it concluded that, on March 30, 2009, it would have been "[v]irtually impossible" to reset the trial before the original speedy trial period expired on April 6, 2009. Significantly, the judge who ruled on the motion to dismiss the refiled charges was not the same judge who had dismissed the original charges, and the second judge conceded his finding was not based on personal knowledge of actual docket conditions at the time of the original dismissal but, rather, on the fact that he had served on the bench for "awhile and see[n] how it works." In concluding that dismissal of the refiled charges was appropriate, the court determined that the speedy trial period applicable to the original charges would not have been subject to extension pursuant to any of the statutory exceptions because (1) the prosecution had conceded it would not have been able to show that defendant had intimidated the victim or otherwise caused her absence; and (2) the prosecution had not done "all that it might have" to secure the victim's presence. When the prosecutor asked for clarification of the latter conclusion, the court stated it was not finding that there "was, in fact, lack of diligence," and it agreed to issue a written order explaining why it had concluded that the victim's failure to appear was attributable to the prosecution's "lack of resources."

In its written order dismissing the refiled charges, the court restated its finding that, at the time the original charges were dismissed, the court could not have rescheduled the trial for a date prior to expiration of the speedy trial period. In connection with this finding, the court observed that it had taken the prosecution "more than six months" to apprehend the victim after she failed to appear for trial (however, the court deemed this fact "not dispositive," apparently based on the absence of any information suggesting that the amount of time that elapsed between the dismissal of the charges and the victim's apprehension was in any way indicative of the likelihood that the prosecution would have been able to apprehend her between March 30 and April 6 if the first judge had not dismissed the charges). The court reasoned that "because the dismissal of the first case without prejudice was effected solely to avoid an inevitable dismissal with prejudice for violation of defendant's right to a speedy trial, defendant cannot properly be tried upon newly filed charges for the same conduct." Finally, the court clarified the remarks it had made at the hearing:

> At the hearing, I commented to the effect that the victim's unavailability for the trial may have resulted from a lack of diligence by the prosecution. Based upon the record before me, I cannot and do not find any lack of diligence by the prosecution. My comment was intended only to establish that there was no bad faith by the prosecution in failing to obtain the witness' presence for trial but, at worst, that the failure to secure her presence resulted from a *possible* lack of diligence. The record before me establishes that the prosecution might have done more to secure the witness' presence, but I cannot find or conclude based upon that record that further action by the prosecution was reasonably required in the circumstances that then existed. My ruling was not based on a finding of lack of diligence but, rather, for the reasons stated above.

(Emphasis in original.)

The People then filed this appeal challenging the court's order dismissing the refiled charges.

## II. Analysis

■ We begin by emphasizing that it is impossible to know what would have happened if, on March 30, 2009, the court had

issued a warrant for the victim's arrest and rescheduled the trial to commence on or before April 6 (and, as noted above, the fact that the victim was not arrested until November 2009 sheds no light on this question). Although the judge who dismissed the refiled charges acknowledged this informational void, he filled it by presuming that (1) the prosecution would not have been able to have had the victim arrested before April 6; and (2) the court would not have been able to reschedule a trial within such a short period of time. However, when engaging in this retrospective speculation about the inevitability of a speedy trial violation that had not actually occurred, the second judge admitted that he could not find any "authority directly on point" that would support his analysis.

Neither can we. To the contrary, our research confirms that the speedy trial statute has been interpreted to prohibit the dismissal of charges based on an anticipated violation of the defendant's speedy trial right. See Huang, 98 P.3d at 929 (a court cannot dismiss charges based on a violation of a defendant's statutory speedy trial before the speedy trial period has expired). And there is an obvious reason for this prohibition: if trial courts were permitted to dismiss criminal charges with prejudice based on nothing more than predictions of statutory speedy trial violations, the clear six-month deadline established by the General Assembly would be reduced to a malleable standard dependent on the clairvoyance of trial court judges.

Accordingly, we disagree with the second judge's conclusion that the first judge erred by not dismissing the charges with prejudice based on the inevitability of a violation that had yet to occur. Indeed, if on March 30, 2009, the first judge had dismissed the original charges with prejudice based on an anticipated violation of defendant's statutory speedy trial right, the prosecution could have tolled the speedy trial period and obtained a reversal of that ruling by filing an appeal challenging the dismissal as premature. See id.; see also People v. Daley, 97 P.3d 295, 299 (Colo.App.2004) (appeal of dismissal tolls statutory speedy trial period during the appeal, and for a reasonable time within which to reschedule the case for trial after remand).

Nor are we persuaded by the second judge's alternative rationale for finding error in the first judge's ruling. As best we can discern, it appears the second judge concluded the first judge had erred by sua sponte dismissing the charges without prejudice because that ruling deprived defendant of an opportunity to run out the clock and move for dismissal with prejudice when the six-month period expired on April 6. But this criticism of the first judge's ruling ignores the fact that defendant could "have objected to dismissal, objected to any setting of another trial date beyond the speedy trial period, and requested that the charges remain pending until passage of the speedy trial period before moving to dismiss." Huang, 98 P.3d at 929 (refiled charges were subject to a new six-month speedy trial period where original charges had been dismissed on criminal defendant's motion, with only five days remaining on original speedy trial period, based on prosecution's inability to proceed due to absence of an essential witness).

In other words, even if we treat defense counsel's observation that the speedy trial period was set to expire on April 6 as an implicit objection to the scheduling of a trial beyond that date, the limited scope of that objection did not notify the court that defendant also objected to an immediate dismissal without prejudice because such a termination of the proceedings would deny him the opportunity to move for a dismissal with prejudice when the original speedy trial period expired.

Because defendant did not make such an objection and implicitly acquiesced in the dismissal of the original charges, the second judge had no basis to conclude that the first judge had erred by depriving defendant of the opportunity to wait and move for a dismissal with prejudice when the six-month speedy trial period expired on April 6. Rather, defendant alone must bear responsibility for his decision not to object to the dismissal without prejudice because, by electing to accept the immediate benefit of a dismissal on March 30, he exposed himself to a substantial risk: namely, the possibility that the prosecution would locate the victim, arrest her pursuant to the failure-to-appear warrant,

and refile charges which would become subject to a new six-month speedy trial period unless he could affirmatively establish that the prosecution had indiscriminately dismissed and refiled the charges in order to avoid the statutory speedy trial mandate. *See Meehan*, 762 P.2d at 726.

Thus, the second judge erred by eliminating this consequence of defendant's calculated risk and dismissing the refiled charges without requiring him to meet this burden of proof. And we must correct this error because there is no evidence in the record suggesting that the prosecution sought dismissal of the charges to avoid the statutory speedy trial mandate applicable to the original charges. In fact, the evidence is directly to the contrary. As set forth above, on March 30, 2009, the prosecutor pleaded with the court not to dismiss the charges so that he could do whatever was necessary to secure the victim's attendance by means of an arrest, and he had previously made clear (at the pretrial conference) that he was highly motivated to do so because defendant had a "history ... [of] cases ... be[ing] dismissed because people don't show up" (although we acknowledge the prosecutor's concession that he could not prove defendant had intimidated any witness, we mention his allegation for the limited purpose of showing the strength of his commitment to bringing this case to trial within the original speedy trial period).

Nor does the record support an inference that the prosecution was responsible for the dismissal by virtue of inaction. While the second judge appeared to fault the prosecution for not having done more to obtain the victim's presence on or before March 30, he was unable to specify what else the prosecution should have done in addition to (1) serving the victim with a subpoena for the March 30 trial; and (2) attempting, albeit unsuccessfully, to comply with the court's directive to have her served with a second subpoena for the March 18 pretrial conference. *See People v. Wolfe*, 9 P.3d 1137, 1142 (Colo.App. 1999) (for purposes of speedy trial statute, a prosecutor's use of available legal mechanisms to secure the presence of persons necessary for trial constitutes due diligence).

In summary, we conclude the second trial judge erred, as a matter of law, by dismissing the refiled charges.

The order is reversed, and the case is remanded for reinstatement of the charges.

Judge CASEBOLT and Judge FOX concur.