25CA0832 Peo v Barnes 11-13-2025

COLORADO COURT OF APPEALS

---

Court of Appeals No. 25CA0832
City and County of Denver District Court No. 24CR5533
Honorable Marie Avery Moses, Judge

---

The People of the State of Colorado,

Plaintiff-Appellant,

v.

Russell K. Barnes,

Defendant-Appellee.

---

ORDER REVERSED AND CASE
REMANDED WITH DIRECTIONS

Division I
Opinion by JUDGE GROVE
J. Jones and Schutz, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced November 13, 2025

---

John Walsh, District Attorney, Jeff M. Van der Veer, Senior Deputy District Attorney, Denver, Colorado, for Plaintiff-Appellant

Megan A. Ring, Colorado State Public Defender, Rebecca Landry, Deputy State Public Defender, Denver, Colorado, for Defendant-Appellee

¶ 1     The District Attorney for the Second Judicial District appeals the district court's order sanctioning the prosecution for discovery violations and ordering it to file an amended complaint against defendant, Russell K. Barnes, that replaces the original charge of felony vehicular eluding with the lesser included offense of misdemeanor reckless driving.[1]  We reverse and remand the case with instructions to reinstate the original complaint.

## I.     Background

¶ 2     We draw the following facts from the affidavit and application for Barnes's arrest warrant.

¶ 3     In August 2024, police saw a black Toyota 4Runner registered to Barnes involved in a suspected drug deal.  At the time, Barnes

---

[1] The district court imposed two separate sanctions for the purported discovery violation, which, as we discuss below, stemmed from a police officer's routine deletion of bodycam footage that had no apparent exculpatory value: (1) the reduction of the vehicular eluding charge to reckless driving and (2) a "curative jury instruction" that would advise the jury that "the deletion of [the video] creates a permissive inference that the missing footage would have reflected misconduct by the officer."  Although we conclude that the district court incorrectly found that the prosecution had committed a discovery violation, the District Attorney only appeals the first of these sanctions.  The instructional issue can be resolved on remand; we do not address it further because it is beyond the scope of this appeal.

had multiple outstanding felony warrants for drug offenses. After two officers watched Barnes get out of and get back into the driver's seat and observed two additional parties inside the vehicle, they turned on their lights to initiate a traffic stop. The driver of the 4Runner fled, speeding through at least two red lights and nearly causing at least one collision. The police chose not to pursue.

¶ 4 Several days later, Officer Jeffrey Rickard found the 4Runner abandoned during a routine patrol. It was under an overpass where stolen vehicles were regularly dumped. The car was unlocked with its windows down. Rickard ran the car's license plate and discovered an active "attempt to locate" related to the prior vehicular eluding incident.

¶ 5 Rickard activated his body camera as he conducted a search of the 4Runner. He searched the vehicle's interior for contraband and safety hazards — namely, guns, drugs, money, or bodies — before having it towed. Rickard was not looking for other evidence that may have identified the 4Runner's owner or who had been driving the car when it was abandoned.

¶ 6 Once finished, Rickard returned to the station and tagged his body camera footage of the search as a "non-event" since he had

"found nothing of evidentiary value" in the 4Runner.  This designation caused the video to be automatically deleted after thirty days.

¶ 7     Barnes was later arrested and charged with felony vehicular eluding.  Barnes filed a motion to dismiss the charge, arguing that the prosecution's failure to preserve Rickard's body camera footage of the 4Runner's search amounted to a violation of his due process right to exculpatory evidence.  Barnes asserted that the deleted body camera footage was exculpatory because it could have yielded information about "potential suspects, or alternate suspects" in the vehicular eluding case.

¶ 8     The district court held an evidentiary hearing.  Barnes urged the court to find that Rickard's intentional deletion of the body camera footage — together with his failure to recall whether the interior of the 4Runner contained any indications that someone else may have been driving the vehicle before it was abandoned — deprived him of exculpatory evidence and thus violated his due process rights.  In response, the prosecution argued that defense counsel was "speculat[ing]" that the deleted video may have

3

included exculpatory evidence and therefore did not establish a due process violation.

¶ 9 After the evidentiary hearing, the district court found that the deletion of the footage of Rickard's search of the 4Runner violated Barnes's constitutional right to due process. It reasoned that the government suppressed evidence when it deleted the footage and that, even though Rickard did not act in bad faith, the footage's exculpatory nature was apparent, given that the identity of a vehicle's driver is a material element of a vehicular eluding charge. The court also found that Barnes was unable to obtain comparable evidence since Rickard testified that he was only looking for contraband and did not recall if there was evidence of an alternative driver or theft in the 4Runner. As relevant to this appeal, the court sanctioned the prosecution by dismissing the felony vehicular eluding charge and directing the prosecution to file an amended complaint charging Barnes only with misdemeanor reckless driving. The prosecution appeals that order.

## II. Due Process

¶ 10     The District Attorney contends that the district court erred by imposing sanctions for the deletion of Rickard's body camera footage. We agree.

### A. Standard of Review and Applicable Law

¶ 11     A district attorney is authorized to appeal any decision of the district court in a criminal case upon any question of law. *Huang v. Cnty. Ct.*, 98 P.3d 924, 927 (Colo. App. 2004); § 16-12-102(1), C.R.S. 2025; *see also People v. Severin*, 122 P.3d 1073, 1074 (Colo. App. 2005) (an order reducing the level of a charge is in effect a dismissal of the greater charge and is therefore appealable under C.A.R. 4(b)); *People v. Albaugh*, 949 P.2d 115, 116 (Colo. App. 1997) (an order dismissing an information is a final judgment and, therefore, is appealable). We review the district court's legal conclusions de novo, including whether the state violated a defendant's due process rights. *People v. Eason*, 2022 COA 54, ¶ 40.

¶ 12     The United States and Colorado Constitutions both guarantee criminal defendants the right to due process of law. U.S. Const. amend. XIV; Colo. Const. art. II, § 25. Due process requires the

State to disclose to a criminal defendant favorable evidence that is material either to guilt or punishment. *California v. Trombetta*, 467 U.S. 479, 485 (1984); *People v. Braunthal*, 31 P.3d 167, 172 (Colo. 2001).

¶ 13    To establish a due process violation for the prosecution's failure to preserve evidence, a defendant must prove that the evidence was suppressed or destroyed by state action and that the evidence was material. *Braunthal*, 31 P.3d at 172. The government's duty to preserve evidence is "limited to evidence that might be expected to play a significant role in the suspect's defense." *Id.* at 173 (quoting *Trombetta*, 467 U.S. at 488-89). Therefore, the evidence "must both possess an exculpatory value that was apparent before the evidence was destroyed, and be of such a nature that the defendant would be unable to obtain comparable evidence by other reasonably available means." *Id.* (quoting *Trombetta*, 467 U.S. at 489). Thus, under Colorado law, to establish a due process violation for the prosecution's failure to preserve evidence, a defendant must prove that "(1) the evidence was destroyed by state action; (2) the evidence possessed an exculpatory value that was apparent before it was destroyed; and

(3) the defendant was unable to obtain comparable evidence by other reasonably available means." *Id.*

¶ 14    "[W]hen evidence can be collected and preserved in the performance of routine procedures by state agents, failure to do so is tantamount to suppression of the evidence . . . ." *People ex rel. Gallagher v. Dist. Ct.*, 656 P.2d 1287, 1291 (Colo. 1983).  Still, "the prosecution's duty to prevent the loss or destruction of evidence that may be favorable to the defendant is not absolute." *Braunthal*, 31 P.3d at 172.  The defendant must establish all three parts of the test to prove a due process violation.  *Id.*

### B.    Analysis

¶ 15    The District Attorney contends that the district court erred by finding that the deleted body camera footage constituted exculpatory evidence.  He maintains that the court relied on outdated precedent in finding the footage was apparently exculpatory and that Barnes did not carry his burden because the footage's evidentiary value was speculative.

¶ 16    Relying on the reasoning of *People v. Holloway*, 649 P.2d 318, 319 (Colo. 1982), the district court ruled that a "reasonable person" would have appreciated the apparent exculpatory value of the body

7

camera footage at the time of the search. But the Colorado Supreme Court disavowed the "reasonable person" standard — which stemmed from *People v. Morgan*, 606 P.2d 1296, 1299 (Colo. 1980) — in *People v. Greathouse*, 742 P.2d 334, 338-39 (Colo. 1987) (holding that *Morgan*'s reasonable person standard was "unduly expansive" and instead instructing courts to inquire if the claimed evidence "possess[es] an exculpatory value that was apparent before the evidence was destroyed, and [is] of such a nature that the defendant would be unable to obtain comparable evidence by other reasonably available means" (quoting *Trombetta*, 467 U.S. at 489)).[2] The *Greathouse* court revised the standard to provide a more "realistic way to evaluate a due process claim predicated on the state's duty to preserve evidence during the investigatory stage of a case." *Id.* at 338. Under *Greathouse*, the pivotal question is "the state's knowledge prior to the actual loss or destruction of the evidence," and not "conjectural possibilities developed months or

---

[2] *People v. Eason*, 2022 COA 54, did not hold otherwise. To the contrary, the *Eason* division articulated the current test for establishing a due process violation, *see id.* ¶¶ 37-39, and distinguished *People v. Holloway*, 649 P.2d 318, 319 (Colo. 1982), without endorsing or applying the test outlined in that case. *See Eason*, ¶ 50.

8

years after the evidence is no longer available." *Id.* Thus, for evidence to be considered exculpatory, it must have had apparent exculpatory value before it was lost or destroyed. *People v. Scarlett*, 985 P.2d 36, 39 (Colo. App. 1998).

¶ 17 Barnes argued, and the district court concluded, that the deleted footage's "apparent exculpatory value" lay in its documentation of the 4Runner's interior. The court reasoned that video of Officer Rickard's search, given where the vehicle was found, *might* have captured an alternate suspect's "driver's license," "personal belongings," or other evidence that the car was stolen or had been driven by another during the alleged eluding incident. But under the test outlined in *Greathouse*, speculation about what exculpatory evidence the footage *might* have revealed is insufficient to show its apparent exculpatory value. *See Eason*, ¶¶ 41-48 (inadvertent deletion of body camera footage documenting an officer's conversation with witnesses was not a due process violation because the footage's apparent exculpatory value was speculative); *People v. Wyman*, 788 P.2d 1278, 1279 (Colo. 1990) ("The due process clause of the fourteenth amendment does not invariably require a state to preserve evidence . . . 'of which no more can be

said than [that] it would have been subjected to tests.'" (citation omitted)); *People v. Young*, 2014 COA 169, ¶ 75 (when further DNA testing of a piece of evidence may or may not have yielded usable results, destruction of the evidence did not violate a defendant's due process rights).  Thus, Barnes failed to show the deleted body camera footage had apparent exculpatory value prior to its deletion.

¶ 18    Accordingly, because the district court applied the wrong test for assessing a due process claim based on the destruction of exculpatory evidence, and because Barnes's argument that the footage in question might have contained exculpatory evidence is wholly speculative, the district court's sanctions order cannot stand.

### III.    Disposition

¶ 19    We reverse the district court's order dismissing Barnes's felony vehicular eluding charge and remand the case for the court to reinstate the felony vehicular eluding charge.

JUDGE J. JONES and JUDGE SCHUTZ concur.