**The PEOPLE of the State of Colorado,
Plaintiff–Appellee,**

v.

**Raul FRANCO, Defendant–Appellant.**

No. 01CA1306.

Colorado Court of Appeals,
Div. II.

Nov. 7, 2002.

Certiorari Denied Aug. 4, 2003.

Ken Salazar, Attorney General, Peter J. Cannici, Assistant Attorney General, Denver, Colorado, for Plaintiff–Appellee.

David S. Kaplan, Colorado State Public Defender, Cynthia Camp, Deputy State Public Defender, Denver, Colorado, for Defendant–Appellant.

Opinion by Judge CASEBOLT.

Defendant, Raul Franco, appeals the judgment of conviction entered upon a jury verdict finding him guilty of unlawful possession of a schedule II controlled substance. We affirm.

## I.

Defendant asserts that the trial court violated his statutory right to a speedy trial. We disagree.

On June 26, 2000, defendant entered his plea of not guilty. The court scheduled a motions hearing for August 18, 2000, and a trial for September 18, 2000.

On August 16, 2000, the prosecution moved to continue the motions hearing because an essential witness was recovering from throat surgery and would be unable to testify. The prosecution's motion represented that defendant would not oppose the prosecution's continuance request and would execute a speedy trial waiver if the court would grant him a personal recognizance bond. The trial court continued the motions hearing and granted defendant a personal recognizance bond.

On September 15, 2000, defendant appeared and executed a written speedy trial waiver. The trial court ruled, with the agreement of the parties, that the effective date of the waiver was August 16, 2000.

On October 5, 2000, the prosecution sent defense counsel a "Notice of Trial" indicating that the court had scheduled defendant's trial for March 6, 2001. Apparently, this setting occurred off the record and without defense counsel present. It is undisputed that defense counsel received a copy of the prosecution's setting notice shortly after it was sent.

On March 2, 2001, defendant filed a motion to dismiss for violation of the speedy trial statute. As grounds, defendant alleged that the speedy trial period had expired six months from August 16, 2000, that is, on February 16, 2001.

The trial court denied defendant's motion, finding that because defense counsel had notice of the trial date and failed to object to it, the speedy trial period had been extended until the scheduled date of the trial pursuant to § 18–1–405(5.1), C.R.S.2002. Defendant's trial commenced on March 6, 2001.

The speedy trial statute provides, in relevant part, as follows:

(1) Except as otherwise provided in this section, if a defendant is not brought to trial on the issues raised by the complaint, information, or indictment within six months from the date of the entry of a plea of not guilty ... the pending charges shall be dismissed, and the defendant shall not again be indicted, informed against, or committed for the same offense, or for another offense based upon the same act or series of acts arising out of the same criminal episode.

. . . .

(5.1) If a trial date is offered by the court to a defendant who is represented by counsel and neither the defendant nor his counsel expressly objects to the offered date as being beyond the time within which such trial shall be had pursuant to this section, then the period within which the trial shall be had is extended until such trial date and may be extended further pursuant to any other applicable provisions of this section.

Section 18–1–405, C.R.S.2002.

Defendant argues that the trial court erred in finding a waiver under § 18–1–405(5.1) because the trial setting occurred off the record and he was never "given an opportunity to either accept or reject the [trial] date." We are not persuaded.

While it is the better practice to have defendant's counsel present when setting a trial, nothing in the plain language of § 18–

1–405(5.1) precludes an off-the-record trial setting. Nor does the section specify that the defendant or defense counsel must be physically present at the time the trial setting occurs. *See People v. Allen,* 885 P.2d 207, 211 (Colo.1994)(under § 18–1–405(5.1), defendant waived his speedy trial where the court clerk contacted defense counsel, who agreed to the proposed trial date).

Defendant is also mistaken in his assumption that § 18–1–405(5.1) is applicable only if the defense explicitly assents to the trial date offered by the court. By its terms, the waiver provision of § 18–1–405(5.1) is applicable in every case unless the defense makes a speedy trial objection at the time a trial date is offered. "[A] defendant cannot stand mute and allow a trial schedule to be adopted without registering his complaint that such schedule violates his speedy trial rights." *People v. Atkins,* 885 P.2d 243, 244 (Colo. App.1994), overruled on other grounds by *People v. Thornton,* 929 P.2d 729 (Colo.1996).

■ We conclude that, when a trial date is set at an off-the-record proceeding without defense counsel present, two requirements must be satisfied before a court can find a speedy trial waiver pursuant to § 18–1–405(5.1). To establish a waiver, the record must demonstrate that: (1) defense counsel had actual notice of the date for which trial is set; and (2) defense counsel had an adequate opportunity to object.

In this case, both requirements are satisfied. It is undisputed that defense counsel received a copy of the October 5, 2000, setting notice indicating that the court had scheduled defendant's trial for March 6, 2001. Defendant does not allege, and the record does not indicate, that delivery of this notice was delayed in any way. Thus, we are persuaded that defense counsel had an adequate opportunity to object to the trial date proposed by the court. Accordingly, we conclude that defendant waived his right to a speedy trial pursuant to § 18–1–405(5.1).

■ We also reject defendant's alternative argument that the August 16, 2000, waiver was invalid. Defendant contends he was coerced to execute this speedy trial waiver in order to be released from custody on a personal recognizance bond. However, when the prosecution moved to continue the motions hearing, defendant could have opposed the motion, asserted his right to a speedy trial, and moved for a reduction of his bond. Apparently, defendant did not do so because he concluded that he would have a better chance of obtaining a personal recognizance bond if his request were unopposed by the prosecution. Thus, to gain the prosecution's acquiescence to his bond reduction request, defendant agreed not to oppose the prosecution's continuance request and to execute a speedy trial waiver.

Under these circumstances, defendant cannot demonstrate that his waiver was involuntary. Moreover, we note that, in his motion to dismiss for violation of speedy trial, defendant did not challenge the validity of the August 16, 2000, waiver.

## II.

■ Defendant argues that the statute criminalizing the possession of a schedule II controlled substance violates equal protection principles because the penalty associated with that offense is more severe than the penalty for unlawful use of a schedule II controlled substance. Again, we disagree.

In *People v. Cagle,* 751 P.2d 614 (Colo. 1988), the supreme court held that the General Assembly's decision to impose a more severe penalty for possession of a controlled substance than for unlawful use of a controlled substance was rational and did not violate equal protection principles because a person possessing a controlled substance has the capability to distribute it. *Compare* § 18–18–405, C.R.S.2002, *with* § 18–18–404, C.R.S.2002.

Nonetheless, defendant argues that the supreme court overruled *People v. Cagle, supra,* in *People v. Villapando,* 984 P.2d 51 (Colo.1999). Recently, in *People v. Warren,* 55 P.3d 809 (Colo.App.2002), and *People v. Campbell,* 58 P.3d 1080, 2002 WL 926945 (Colo.App. No. 01CA0446, May 9, 2002), divisions of this court rejected this argument. We find the reasoning of *Warren* and *Campbell* to be persuasive and, following it here,

conclude that it is dispositive of defendant's claim.

The judgment is affirmed.

Judge ROY and Judge JONES concur.