FILED
United States Court of Appeals
Tenth Circuit

August 2, 2016

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

KEVIN R. HERRERA,

      Petitioner - Appellant,

v.

JOHN FALK, Sterling Correctional; THE
ATTORNEY GENERAL OF THE STATE
OF COLORADO,

      Respondents - Appellees.

No. 15-1471
(D.C. No. 1:15-CV-00136-RM)
(D. Colo.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **MATHESON**, **McKAY**, and **O'BRIEN**, Circuit Judges.
_____

    Kevin R. Herrera, a Colorado state prisoner proceeding pro se, requests a

certificate of appealability ("COA") to appeal the district court's denial of his

28 U.S.C. § 2254 application for writ of habeas corpus.  He also seeks leave to

proceed *in forma pauperis* ("*ifp*").  We deny both requests and dismiss this matter.

---

[*] This order is not binding precedent, except under the doctrines of law of the
case, res judicata, and collateral estoppel.  It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## I. Background

According to the state court,[1] Mr. Herrera and two of his cousins (D.T. and A.S.) conspired to take revenge on a rival gang member who shot Mr. Herrera's brother. Driving a green Toyota RAV4, the three approached a pickup truck in which the person who shot Mr. Herrera's brother and another victim (R.M.) were sitting. At least one of the three relatives fired gunshots into the pickup truck, killing the person who shot Mr. Herrera's brother and seriously wounding R.M.

Mr. Herrera was charged with first degree murder, attempted first degree murder, conspiracy to commit first degree murder, accessory to second degree murder, and accessory to attempted first degree murder. A jury convicted Mr. Herrera of the conspiracy and accessory counts, but could not reach a verdict on the first degree murder and attempted first degree murder counts, which were ultimately dismissed. The trial court sentenced Mr. Herrera to a total of 44 years in state prison (40 years on the conspiracy count and four years on each accessory count, which ran concurrently to each other but consecutively to the conspiracy count). The Colorado Court of Appeals ("CCA") affirmed Mr. Herrera's convictions on direct appeal, and the Colorado Supreme Court ("CSC") denied certiorari.

Mr. Herrera filed a motion for postconviction relief under Colo. R. Crim. P. 35(c) alleging his appellate counsel was ineffective and the

---

[1] "[W]e presume that the factual findings of the state court are correct unless [Mr. Herrera] presents clear and convincing evidence otherwise." *Lockett v. Trammel*, 711 F.3d 1218, 1222 (10th Cir. 2013) (internal quotation marks omitted).

2

prosecutor committed misconduct during grand jury proceedings. After several hearings on his motion, the trial court denied relief. Again, the CCA affirmed and the CSC denied certiorari.

Mr. Herrera applied for a writ of habeas corpus under 28 U.S.C. § 2254. A magistrate judge determined his application was timely and that he had exhausted all state remedies. The district court denied Mr. Herrera's application on the merits, dismissed the application, denied a COA, and denied leave to proceed *ifp* on appeal. Mr. Herrera filed a combined opening brief and application for COA in this court and requests leave to proceed *ifp*.

## II. Legal Standard

Before he can appeal the district court's order denying his application for habeas relief, Mr. Herrera must obtain a COA. 28 U.S.C. § 2253(c)(1)(A). This requires Mr. Herrera to make "a substantial showing of the denial of a constitutional right." *Id*. at § 2253(c)(2). He must show that reasonable jurists could debate whether his petition should have been granted or that the issues presented deserve encouragement to proceed further. *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).

Federal habeas applications for review of state court decisions are governed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Under AEDPA, if a state court adjudicated the merits of an applicant's claim, a federal court cannot grant habeas relief unless the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as

3

determined by the Supreme Court" or "was based on an unreasonable determination of the facts in light of the evidence presented." 28 U.S.C. § 2254(d)(1)-(2).

### III. Analysis

Mr. Herrera argues he is entitled to habeas relief because he received ineffective assistance of counsel in his direct appeal and the prosecutor committed misconduct during the grand jury proceedings that led to his indictment.[2] We conclude that jurists of reason could not disagree with the district court's decision to deny Mr. Herrera's claims and that these issues do not deserve encouragement to proceed further. We therefore deny Mr. Herrera's request for COA.

### A. Ineffective Assistance of Counsel

Mr. Herrera claims his appellate counsel was ineffective because he failed to make the following arguments on appeal: (1) Mr. Herrera was given inadequate notice that he could be subject to aggravated sentencing; (2) his right to a speedy trial was violated because he was tried more than six months after pleading not guilty; and (3) the admission of certain hearsay statements at trial violated Mr. Herrera's right to confront the witnesses against him.

To prevail on an ineffective assistance claim, a defendant must show his attorney's performance was deficient and he was prejudiced as a result. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In the appellate context, this means showing

---

[2] Because Mr. Herrera appears pro se, we construe his arguments liberally. *United States v. Pinson*, 584 F.3d 972, 975 (10th Cir. 2009). But this rule of liberal construction stops at the point we begin to serve as his advocate. *Id.*

his attorney's decision not to raise a particular issue on appeal was objectively unreasonable and there is a reasonable probability that, had his attorney raised the issue, the defendant would have prevailed. *See Smith v. Robbins*, 528 U.S. 259, 285 (2000) (citing *Strickland*, 466 U.S. at 687-91, 694).

The *Strickland* standard is highly deferential, and the application of AEDPA makes it doubly so. *Harrington v. Richter*, 562 U.S. 86, 105 (2011). Under the AEDPA, the question is not whether the *Strickland* test is satisfied, but "whether the state court's application of the *Strickland* standard was unreasonable." *Id*. at 101. If "fairminded jurists could disagree on the correctness of the state court's decision," habeas relief is inappropriate. *Id*. (internal quotation marks omitted).

## 1. Aggravated Sentence

Mr. Herrera first argues that his attorney was ineffective because he failed to argue on direct appeal that the trial court violated Mr. Herrera's due process rights by giving him an aggravated sentence without adequate notice. According to Mr. Herrera, the prosecution was required to provide notice in the indictment that he might be subject to an aggravated sentence.

Mr. Herrera was convicted of, among other offenses, conspiracy to commit first degree murder, a Class 2 felony. The presumptive sentencing range for a Class 2 felony is 8-24 years. *See* Colo. Rev. Stat. § 18-1.3-401(1)(a)(V)(A) (2015). But a defendant who was on probation for a felony when he committed the offense is subject to an aggravated sentencing range of "at least the midpoint in the presumptive range but not more than twice the maximum term authorized in the presumptive

5

range." *Id.* § 18-1.3-401(8)(a)(III).  Thus, a defendant who commits a Class 2 felony while on probation for a felony is subject to an aggravated sentencing range of 16-48 years in prison.[3]

Mr. Herrera's presentence investigation report ("PSIR"), which Mr. Herrera received and reviewed with his attorneys before the sentencing hearing, reported that Mr. Herrera was on probation for a felony drug conviction at the time of the offense. Mr. Herrera was given an opportunity at the hearing to correct the information in the PSIR, but he did not contest his status as a probationer and his attorney conceded that Mr. Herrera was subject to the aggravated sentencing range.  The trial court agreed, and sentenced Mr. Herrera to 40 years in prison on the conspiracy charge.

In Mr. Herrera's state postconviction proceeding, the CCA rejected Mr. Herrera's argument that the prosecution was required to provide notice in the indictment that he may be subject to an aggravated sentence.  It noted that the fact of a prior conviction, unlike other facts that increase the maximum penalty for a crime, need not be "*charged in an indictment*, submitted to a jury, and proven beyond a reasonable doubt."  R. at 206 (quoting *Apprendi v. New Jersey*, 530 U.S. 466, 476 (2000)); *see also People v. Huber*, 139 P.3d 628, 633 (Colo. 2006) (applying *Apprendi*'s prior-conviction exception to defendant's sentence to probation).  The CCA concluded that an appeal on this issue would not have succeeded, so

---

[3] Although Mr. Herrera cites *Apprendi v. New Jersey*, 530 U.S. 466 (2000), he does not argue that the prosecution was required to prove the fact of his prior conviction or his probationer status to a jury beyond a reasonable doubt.

6

Mr. Herrera had failed to prove prejudice under *Strickland*. On § 2254 review, the federal district court found no flaw in the state court's analysis and we agree.

Mr. Herrera has not shown that jurists of reason could disagree with the district court's decision to deny his ineffective assistance claim on this issue or that the issue deserves encouragement to proceed further. We therefore deny COA on this issue.

### 2. Speedy Trial

Mr. Herrera next argues his attorney was ineffective for failing to raise a speedy trial claim on direct appeal. Specifically, he argues the trial court violated his statutory right to a speedy trial because he was tried more than six months after he entered his not guilty plea. *See* Colo. Rev. Stat. § 18-1-405(1) (2015).

Section 18-1-405(1) requires a defendant to be brought to trial within six months after he enters his not guilty plea. But "[i]f a trial date is offered by the court . . . and neither the defendant nor his counsel expressly objects to the offered date . . . then the period within which the trial shall be had is extended until such trial date." *Id*. § 18-1-405(5.1).

Mr. Herrera pled not guilty on April 3, 2003. Immediately following his plea, Mr. Herrera's attorney accompanied the prosecutor to the judge's chambers and scheduled Mr. Herrera's trial off the record with the help of the judge's clerk. Mr. Herrera was not present for this meeting. His trial began on November 17, 2003, about seven months after Mr. Herrera entered his not guilty plea.

7

On state postconviction review, the CCA found there was no violation of Mr. Herrera's right to a speedy trial because, under § 18-1-405(5.1), Mr. Herrera's attorney accepted the trial date and neither Mr. Herrera nor his attorney expressly objected to the date until after the speedy trial period had expired.[4] Mr. Herrera claims § 18-1-405(5.1) does not apply because he "was not present at the trial date setting [and] therefore could not object to the trial date offered at that time." Aplt. Br. at 12. But as the CCA observed, that is not the law in Colorado. *See State v. Allen*, 885 P.2d 207, 211 n.7 (Colo. 1994) (defendant waived right to claim a speedy trial violation under § 18-1-405(5.1) when court clerk contacted defendant's attorney, who agreed to trial date and did not object on speedy trial grounds until day of trial); *People v. Franco*, 74 P.3d 357, 358-59 (Colo. App. 2002) ("nothing in the plain language of § 18-1-405(5.1) precludes an off-the-record trial setting" and section does not "specify that the defendant or defense counsel must be physically present at the time the trial setting occurs"). We defer to the state court's interpretation of Colorado law. *See Heard v. Addison*, 728 F.3d 1170, 1175 (10th Cir. 2013).

There is no dispute that both Mr. Herrera and his attorney had actual notice of the trial date and several opportunities to object before the speedy trial period expired. By failing to do so, Mr. Herrera waived his right to claim a speedy trial violation on appeal. *See Franco*, 74 P.3d at 359 ("To establish a waiver, the record

---

[4] Mr. Herrera contends he notified the trial court of the "speedy trial issue" at a hearing on September 12, 2003, Aplt. Br. at 12, but he does not dispute that neither he nor his attorney expressly objected to the trial date on speedy trial grounds until after the speedy trial period expired.

must demonstrate that: (1) defense counsel had actual notice of the date for which trial is set; and (2) defense counsel had an adequate opportunity to object."). The state court reasonably concluded that an appeal on this issue would not have succeeded and, therefore, Mr. Herrera failed to prove prejudice.

Jurists of reason could not disagree with the district court's decision to deny this part of his ineffective assistance claim. We therefore deny COA on this issue.

### 3. Confrontation Clause

Mr. Herrera argues his appellate counsel was ineffective because he failed to raise a Confrontation Clause challenge to the admission of hearsay statements by R.M. (a victim) and D.T. (a codefendant). Criminal defendants have a Sixth Amendment right to confront the witnesses against them. U.S. Const. amend. VI. The Confrontation Clause prohibits prosecutors from introducing testimonial hearsay against a defendant unless the declarant is unavailable and the defendant had a prior opportunity to cross-examine him. *See Crawford v. Washington*, 541 U.S. 36, 68 (2004). Generally speaking, a statement is "testimonial" if "the primary purpose of the conversation was to create an out-of-court substitute for trial testimony." *Ohio v. Clark*, 135 S. Ct. 2173, 2180 (2015) (internal quotation marks and brackets omitted). For example, statements made during an officer's "formal, out-of-court interrogation of a witness to obtain evidence for trial" are testimonial, *United States v. Garcia*, 793 F.3d 1194, 1212 (10th Cir. 2015), *cert. denied*, 136 S. Ct. 860 (2016), but a casual remark to an acquaintance is not, *Crawford*, 541 U.S. at 51.

9

## a. R.M.'s Statements

At trial, a police officer testified that he interviewed one of the victims, R.M., at the hospital after the shooting. R.M. described the location of the shooting, hearing several gunshots, ducking down in the car, feeling pain in his hand and side, and seeing a dark green utility vehicle similar to a Toyota RAV4 with three occupants. The officer recounted R.M.'s statements to the jury.

The CCA on postconviction review found that R.M.'s statements were testimonial, but concluded their admission was harmless beyond a reasonable doubt. *See United States v. Summers*, 414 F.3d 1287, 1303 (10th Cir. 2005) (Confrontation Clause violations are subject to harmless error analysis, which requires the government to show any error was harmless beyond a reasonable doubt). It reasoned that R.M.'s statements were cumulative of and corroborated by other evidence, and gave specific examples of testimony from other witnesses who provided essentially the same details R.M. described. *See United States v. Toles*, 297 F.3d 959, 968 (10th Cir. 2002) (the cumulative nature of the testimony and whether it is corroborated by other witnesses are among the factors to consider in determining whether admission of hearsay statements is harmless). The CCA concluded Mr. Herrera would not have been able to successfully challenge the admission of R.M.'s statements on direct appeal, so appellate counsel's failure to raise the issue did not prejudice him.

The federal district court agreed with the CCA's analysis, and Mr. Herrera has given us no reason to conclude otherwise. Although Mr. Herrera generally asserts "[t]here is no cumulative evidence" and "none of the statements were harmless,"

10

Aplt. Br. at 22, he does not refute the state court's numerous examples of overlapping testimony by other witnesses and does not explain why the state court's conclusion was incorrect. Mr. Herrera has failed to show that jurists of reason could disagree with the district court's decision to deny this aspect of his ineffective assistance claim. We therefore deny COA on this issue.

### b. D.T.'s Statements

The trial court admitted two sets of out-of-court statements by one of Mr. Herrera's co-defendants, D.T. First, a fellow gang member, E.A., testified that he saw D.T. and Mr. Herrera at a bar sometime after Mr. Herrera's brother was shot. According to E.A., D.T. "said he was on a mission." R. at 218. E.A. asked whether D.T. was "going to go handle that," and D.T. responded, "Yeah, you know it." *Id.* D.T. then showed E.A. "an SKS or an AK, some type of rifle." *Id.* Later in the trial, a police detective testified that he interviewed a witness, R.D., who told the detective about a conversation he had with D.T. The detective testified that D.T. told R.D. that D.T. had an AK-47 and "his bullets hit" the victim, and that Mr. Herrera "was also shooting." *Id.*

On state postconviction review, the CCA concluded that all of D.T.'s statements were nontestimonial because they "were not made in response to police interrogation, and a reasonable person in D.T.'s position would not make such incriminating statements if he believed they would later be used against him and his co-conspirators." *Id.* at 219. As a result, the CCA found that appellate counsel

11

would not have prevailed on a confrontation challenge, so Mr. Herrera was not prejudiced by counsel's failure to raise the issue.

The federal district court agreed that D.T.'s inculpatory statements to E.A.—a fellow gang member—were nontestimonial and properly admitted. *See United States v. Smalls*, 605 F.3d 765, 779-80 (10th Cir. 2010) (inmate's inculpatory statement to someone he believed was a fellow inmate and friend was nontestimonial).

But the district court disagreed with the state court's conclusion that D.T.'s statements to R.D. were admissible. It found that although D.T.'s statements to R.D. were nontestimonial, R.D.'s description of the statements to the detective was testimonial. Because it was the detective who recounted D.T.'s statements to R.D. at trial, the district court found that their admission violated Mr. Herrera's confrontation right. Nonetheless, the district court concluded the statements were cumulative of other properly admitted evidence, including D.T.'s statements to E.A., so their admission was harmless beyond a reasonable doubt. The district court summarized the other evidence that duplicated D.T.'s statements to R.D. Although one aspect of D.T.'s statements to R.D. was not cumulative of other evidence—that Mr. Herrera "was also shooting"—the district court concluded this statement could not have affected the jury's decision because the jury did not convict Mr. Herrera of first degree murder or attempted first degree murder, but only of conspiracy and accessory, which other evidence amply supported. Because it concluded the admission of D.T.'s statements to R.D. was harmless beyond a reasonable doubt, the

12

district court held that appellate counsel's failure to raise the claim on direct appeal did not prejudice Mr. Herrera under *Strickland*.

As noted above, Mr. Herrera generally asserts that there was no cumulative or harmless evidence, but he fails to explain why the district court's analysis was unsound. Nor does he dispute the examples the district court cited supporting its conclusion that D.T.'s statements to R.D. duplicated other testimony. Mr. Herrera has failed to show that jurists of reason could disagree with the district court's decision to deny this ineffective assistance claim. We therefore deny COA on this issue.

## B. Prosecutorial Misconduct

Mr. Herrera argues the prosecutor committed misconduct during grand jury proceedings by falsely stating that a shell casing recovered from the car used in the shooting matched a gun owned by Mr. Herrera's brother and obtained by Mr. Herrera shortly before the shooting. The prosecutor did not repeat the statement at trial. The district court held that, even if the prosecutor's actions rose to the level of misconduct, Mr. Herrera had identified no clearly established federal law that an indictment must be dismissed based on prosecutorial misconduct if the misconduct is not repeated at trial and the petit jury convicts. We agree. *See United States v. Mechanik*, 475 U.S. 66, 70 (1986) (the petit jury's conviction rendered "any error in the grand jury proceeding connected with the charging decision . . . harmless beyond a reasonable doubt"); *Wilkerson v. Whitley*, 28 F.3d 498, 503 (5th Cir. 1994) ("prosecutorial misconduct in a grand jury proceeding may be deemed harmless if the

13

petit jury convicts"); *Anderson v. Sec'y for Dep't of Corr.*, 462 F.3d 1319, 1327 (11th Cir. 2006) ("There is no Supreme Court precedent clearly establishing a constitutional rule that, irrespective of prosecutorial misconduct, an indictment must be dismissed because of perjured grand jury testimony where the perjured testimony is not repeated before the petit jury which convicts.").

Jurists of reason could not disagree with the district court's decision to deny this claim. We therefore deny COA on this issue.

## IV. Conclusion

We deny Mr. Herrera's request for a COA and dismiss this matter. We also deny his motion to proceed *ifp*.

Entered for the Court

Scott M. Matheson, Jr.
Circuit Judge

14